**Mark NOLT, Plaintiff,**

v.

**Sergeant Gregory STRAUSSER and Corrections Officer Steven Yoder, Defendants.**

**Civ. A. No. 89–6111.**

United States District Court, E.D. Pennsylvania.

Sept. 13, 1990.

Mark Nolt, in pro. per.

Denise A. Kuhn, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff, proceeding *in forma pauperis*, filed a Notice of Appeal from an unfavorable judgment entered by this Court after a non-jury trial on the merits of his civil rights action brought pursuant to 42 U.S.C. § 1983. He now seeks an order from this Court directing the United States to supply a transcript of opening and closing statements and all witness testimony elicited during trial for use in the instant appeal. For the reasons expressed below, I deny this request.

### I.

On December 3, 1988, plaintiff Mark Nolt, an inmate incarcerated at the State

Correctional Institute at Frackville ("Frackville"), was struck on his nose by another inmate. Plaintiff filed suit alleging violations of his eight and fourteenth amendment rights [1] on the theory that defendants Gregory Strausser and Steven Yoder, employed as guards at Frackville, had notice of the impending assault and showed a complete indifference to plaintiff's safety.

In an Order of his Court, September 1, 1989, I granted plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

Defendants filed a motion for summary judgment asserting that they had no reason to suspect that plaintiff would be assaulted by another inmate. Because plaintiff's response created genuine issues of material fact concerning the defendants' knowledge and actions before the assault, I scheduled this case for trial.

A bench trial was held on July 9, 1990 with plaintiff appearing *pro se*. Upon consideration of the testimony and evidence presented at trial and the arguments of plaintiff and counsel for the defendants, I ruled in favor of defendants and explained the reasons for my decision in detailed findings of fact and conclusions of law.

A Notice of Appeal, including a Statement of Questions and Issues Involved, was filed by plaintiff on July 20, 1990. Five days later, plaintiff filed an "Affidavit in Support of Motion for Indicated Portions of Trial Transcripts for Review by the Appellate Courts."

order of the district court exempting plaintiff from this expenditure and directing the United States to pay the costs. (28 U.S.C. § 753(f)). (*See also*, Appellate Local Rule 15, United States Court of Appeals for the Third Circuit, directs an appellant unable to pay transcript fee to "file with the court reporter a copy of the district court order directing that all or part of the notes of testimony taken at trial be transcribed and the fees for such transcript be paid by the United States pursuant to 28 U.S.C. § 753(f).")

Under 28 U.S.C. § 753(f) eligibility for acquiring a transcript at public expense is predicated upon the appellant proceeding *in forma pauperis* and, when appealing from an action other than criminal or *habeas corpus* proceeding or under § 2255 of Title 28 of the U.S.C., receiving a certification by the trial judge (or circuit judge) "that the appeal is not frivolous (but presents a substantial question)." *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598 (3d Cir.1989) ("We conclude therefore that transcripts may be secured at public cost by litigants who are granted [partial] *in forma pauperis* status, provided that a certification that the appeal is not frivolous, but presents a substantial question, is made.") *Id.* at 601.[2] Moreover, the plaintiff must demonstrate that the requested trial transcript is required for proper appellate review. *Harvey v. Andrist*, 754 F.2d 569 (5th Cir.1985); *Payne v. Scheweiker*, CA–No. 82–1516 (E.D.Pa. Jan. 15, 1986) (1986 West Law 816).

## II.

An appellant is obligated either to pay the cost of a trial transcript required for an appeal (Fed.R.App.P. 10(b)(1)) or obtain an

## III.

Plaintiff's Statement of Questions and Issues Involved accompanying his Notice of Appeal lists four grounds for the appeal.

---

1. In his complaint, plaintiff alleges a violation of his constitutional right to safety and personal protections. Later, in his response to defendants, motion for summary judgment, plaintiff asserts violations of his constitutional rights under the eighth and fourteenth amendments.

2. The standard under 28 U.S.C. § 753(f) differs from the standard set forth in 28 U.C.S. § 1915(a), Proceeding in forma pauperis, and Fed.R.App.P. 24, Proceeding in forma pauperis,

barring an appeal *in forma pauperis* if the trial court certifies the appeal is not taken in "good faith." This "good faith" requirement, interpreted as roughly equivalent to "not frivolous" (*Payne v. Lynaugh*, 843 F.2d 177 (5th Cir.1988)) is applicable to a request to appeal *in forma pauperis*. The "not frivolous (but raises substantial question)" standard applies to a request for a trial transcript at public expense. *Linden v. Harper & Row*, 467 F.Supp. 556 (S.D.N.Y. 1979).

First, the Court erred in "permitting defendants' counsel to make statements that could not be established as true, in fact, the attorney made statements about the plaintiff's witness that she knew was incorrect." Plaintiff failed to object to any alleged misstatements uttered by defendants counsel during the trial. This allegation is unpreserved for appeal. *See Anderson v. Group Hospitalization, Inc.* 820 F.2d 465, 469 n. 1 (D.C.Cir.1987). Also, assertions of this nature do not constitute a substantial question. *E.g. Colonna v. Marks*, CA No. 82–1824 (E.D.Pa. Feb. 26, 1986) (1986 West Law 2561) (Inmate, after non-jury trial on his civil rights action, 42 U.S.C. § 1983, resulted in an unfavorable judgment, sought trial transcript pursuant to 28 U.S.C. § 753(f) to appeal alleged misrepresentations of facts by defendant's counsel; denied, because "facts [established at trial] ... speak for themselves").

Second, the Court "errored [sic] in not taking into consideration the duty of the defendants to protect him; their complete indifference to the safety of the plaintiff." This issue presents a mixed question of law and fact. To the extent that an issue of law is raised, my detailed findings of fact and conclusions of law identify the principles of law, and their application, implicated in this case. This record is sufficient for proper appellate review of the law issues. As for the findings of fact, which, depended, in part, upon my evaluation of witness credibility, under the appropriate standard of appellate review (*Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Fed.R.Civ.P. 52(a)), plaintiff's likelihood of success on this issue is too remote to present a substantial question (*Smith v. Firestone Tire & Rubber Co.*, 255 F.Supp. 905 (E.D.Pa. 1966), *aff'd per curiam on other grounds*, 374 F.2d 892 (3d Cir.1967)); *Moore v. Solomon*, CA No. 82–2159 (E.D.Pa. Feb. 27, 1986) (1986 WL 2788). (In denying plaintiff inmate transcript of non-jury trial after entry of unfavorable judgment on civil rights action, court found "no substantial question presented in plaintiff's appeal in that the issue was strictly a fact question which turned on a judgment as to credibility.")

The final grounds alleged, defendants and counsel tampered with plaintiff's witnesses and defendants testified falsely, are independent of and unsupported by the trial record. Hence, the trial transcript is irrelevant to this aspect of plaintiff's appeal.

## IV.

I conclude that the issues raised by plaintiff on appeal either do not require the requested portions of the trial record for proper appellate review or fail to present a substantial question pursuant to 28 U.S.C. § 753(f) to justify transcription at public expense of the requested portions of trial record, or both.