Abdel ELTAYIB, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

Docket No. 00–2144.

United States Court of Appeals, Second Circuit.

Argued: June 14, 2002.

Decided: June 26, 2002.

Vida M. Alvy, Alvy & Jacobson, New York, NY, for Petitioner–Appellant.

Peter A. Norling, Assistant United States Attorney (David C. James, Assistant United States Attorney, of counsel, Loretta E. Lynch, United States Attorney, on the brief), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Respondent–Appellee.

Before MINER, JOSÉ A. CABRANES, and POOLER, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

Abdel Eltayib appeals from an order entered by the United States District

Court for the Eastern District of New York (Eugene H. Nickerson, *Judge* ), denying his motion pursuant to Fed.R.App.P. 4(a)(6)[1] to reopen his time to appeal an order entered on August 12, 1999, denying his motion pursuant to 28 U.S.C. § 2255 to vacate his convictions for, *inter alia,* conspiracy to distribute cocaine. *See generally United States v. Eltayib*, 88 F.3d 157 (2d Cir.1996) (affirming conviction on direct appeal). Eltayib claimed that he did not receive notice of the decision denying his § 2255 motion until November 22, 1999, and that he moved to reopen his time to appeal within seven days of that date, thus entitling him to relief pursuant to Rule 4(a)(6). The District Court denied his motion with a one word—"denied"— order entered on March 7, 2000.

■ On August 4, 2000, we construed Eltayib's notice of appeal and submissions to this Court as a motion for a certificate of appealability to challenge the District Court's denial of his Rule 4(a)(6) motion, and granted the motion to the extent that we issued a Certificate of Appealability on the following issues: (1) whether appellant is required to obtain a certificate of appealability to challenge the district court's

denial of his motion to extend the time to appeal; and (2) if he is required to obtain a certificate of appealability, whether appellant meets the certificate of appealability standard.[2] We also .appointed counsel for the appellant, who had been proceeding pro se.

As amended by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 28 U.S.C. § 2255 provides, in relevant part, that "[a]n appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." Accordingly, it incorporates by reference the standards applicable to petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2253. That statute provides, in relevant part, that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken ... from ... the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B).

■ Eltayib contends that "final order" in 28 U.S.C. § 2253(c)(1)(B) does not encompass "ordinary motions" such as a motion to extend time, and that, therefore, no

1. Rule 4(a)(6) .of the Federal Rules of Appellate Procedure provides:

> **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

> (C) the court finds that no party would be prejudiced.

2. We granted the August 4, 2000, Certificate of Appealability out of an abundance of caution to insure that we had a proper basis for jurisdiction over these issues. *See generally Soto v. United States*, 185 F.3d 48, 51 (2d Cir.1999) (a certificate of appealability is a jurisdictional prerequisite for appeals from § 2255 proceedings). In retrospect, this was unnecessary. Inasmuch as 28 U.S.C. § 2253 empowers us to grant a certificate of appealability, *see generally Lozada v. United States*, 107 F.3d 1011, 1014–16 (2d Cir.1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 260 (2d Cir.1997), there is no need to grant a certificate of appealability for the purpose of determining whether to grant a certificate of appealability.

certificate of appealability is necessary for this Court to consider Eltayib's appeal from the order denying his Rule 4(a)(6) motion. We disagree. In *Kellogg v. Strack*, 269 F.3d 100 (2d Cir.2001), we held that "final order" in § 2253(c)(1)(B) encompasses an order denying a motion for relief from the judgment pursuant to Fed. R.Civ.P. 60(b).[3] 269 F.3d at 102–03. We stated:

> [T]he plain text of § 2253(c)(1) would seem to make the [certificate of appealability] requirement applicable here. There is no question that the denial of a Rule 60(b) motion in non-habeas cases is a "final order" for purposes of appeal, and absent indications to the contrary, we would expect Congress to have intended the same meaning when using the term "final order" in crafting AEDPA. Not only is there no such contrary indication, but it would be rather anomalous for Congress to have intended to screen out unmeritorious appeals from denials of habeas corpus petitions and yet not have wished to apply this same screen to 60(b) motions seeking to revisit those denials.

*Id.* at 103 (emphasis added).

An order denying a motion pursuant to Fed.R.App.P. 4(a)(6) to reopen the time to appeal, like an order denying a motion pursuant to Fed.R.Civ.P. 60(b), is a "final decision" appealable pursuant to 28 U.S.C. § 1291. *See, e.g., Avolio v. County of Suffolk*, 29 F.3d 50 (2d Cir.1994). Accordingly, we hold that 28 U.S.C. § 2253(c)(1)(B) applies to an order denying a motion pursuant to Fed.R.App.P. 4(a)(6) to reopen the time to appeal in a proceeding under 28 U.S.C. § 2255, and, therefore, a certificate of appealability is required to challenge such an order.

In *Kellogg*, we held that a certificate of appealability should issue in a case involving the denial of a Rule 60(b) motion "only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." 269 F.3d at 104. In so holding, we noted that "[i]n the context of a denial of a Rule 60(b) motion, a substantial showing that the district court abused its discretion indicates that the appeal has the threshold quantum of merit to go forward." *Id.*

■ A Rule 4(a)(6) motion, unlike a Rule 60(b) motion, does not involve the merits of the underlying order. Rather, the issue on a Rule 4(a)(6) motion is merely whether the movant has met the requirements for the reopening of his time to appeal. Thus, in the context of a Rule 4(a)(6) motion, a substantial showing that the district court abused its discretion would not indicate whether the appeal "has

---

3. Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

the threshold quantum of merit to go forward."

If the *substance* of the putative appeal underlying a Rule 4(a)(6) motion lacks "that threshold quantum of merit," however, then granting a certificate of appealability with respect to the denial of the Rule 4(a)(6) motion would only waste judicial resources: by definition, a successful appeal of the denial of the motion to enlarge the time to appeal would, at best, result in the ultimate denial by this Court of a subsequent (and now timely) motion for a certificate of appealability with respect to the original order disposing of the motion pursuant to § 2255. Accordingly, we hold that, to obtain a certificate of appealability in a case involving the denial of a Rule 4(a)(6) motion, a petitioner must show: (1) that jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 4(a)(6) motion; *and* (2)(a) in a case where a habeas petition was denied on the merits, that "jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong" *or* (b) in a case where a habeas petition was denied on procedural grounds without reaching the underlying constitutional claims, that "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Because the District Court denied the underlying § 2255 motion on the merits, we have reviewed the record to determine whether Eltayib has demonstrated that "jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong." He has not, for the reasons stated in Judge Nicker-

son's orders of September 25, 1998, and August 3, 1999. *See Eltayib v. United States,* No. 97 CV 7543, slip op. (E.D.N.Y. Aug. 3, 1999); *Eltayib v. United States,* No. 97 CV 7543, 1998 WL 846784 (E.D.N.Y. Sept.25, 1998). Accordingly, a certificate of appealability shall not issue with respect to the District Court's denial of Eltayib's Rule 4(a)(6) motion.

In sum, we hold that:

(A) a certificate of appealability is required to challenge an order denying a motion pursuant to Fed.R.App.P. 4(a)(6) to reopen the time to appeal in a proceeding under 28 U.S.C. § 2255;

(B) to obtain a certificate of appealability in this context, a petitioner must show: (1) that jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 4(a)(6) motion; *and* (2)(a) in a case where a habeas petition was denied on the merits, that jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong *or* (b) in a case where a habeas petition was denied on procedural grounds without reaching the underlying constitutional claims, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and

(C) in this case, Eltayib has failed to make a showing that reasonable jurists would find the District Court's assessment of his constitutional claims debatable or wrong.

Accordingly, the motion for a certificate of appealability is denied, and the appeal is dismissed.