**Samuel PATRICK, Petitioner**

v.

**UNITED STATES of America, Respondent**

**No. CIV.A. 03–10447–REK.**

United States District Court, D. Massachusetts.

Jan. 15, 2004.

---

Samuel Patrick, Lewisburg, PA, Pro Se.

George W. Vien, United States Attorney's Office, Boston, MA, for United States of America, Respondent.

Memorandum and Order

KEETON, Senior District Judge.

## I. Pending Matters

Pending before this court are the following motions:

(1) Petitioner's Motion for Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)(B) (Docket No. 16, filed November 14, 2003), with Memorandum of Law in Support of Motion for Certificate of Appealability (COA) (Docket No. 17, filed November 14, 2003) (concerning appeal docketed as First Circuit No. 03-2442), which is referred to in First Circuit Order of the Court (Docket No. 14, entered October 24, 2003); and

(2) Petitioner's Application To Proceed in Forma Pauperis (Docket No. 18, filed December 1, 2003), with Petitioner's Affidavit To Accompany Motion for Leave To Appeal in Forma Pauperis (Docket No. 19, filed December 1, 2003).

## II. Relevant Procedural Background

On August 7, 1997, a federal grand jury returned a Fourth Superseding Indictment against petitioner, Samuel Patrick, in Criminal No. 96–10178–REK. Count 1 charged that petitioner was involved in racketeering in violation of 18 U.S.C. § 1962(c). Count 2 charged that he conspired with others in racketeering activity in violation of 18 U.S.C. § 1962(d). Count 3 charged that he conspired with others to distribute cocaine in violation of 21 U.S.C. § 846. Counts 21, 26, and 29 charged petitioner with distribution of cocaine and possession of cocaine with intent to distribute on various dates in violation of 21 U.S.C. § 841(a)(1). Count 31 charged that he knowingly possessed a firearm after having been convicted of a felony. Count 32 charged that he knowingly possessed ammunition after having been convicted of a felony. Count 42 charged that he knowingly and intentionally committed and aided in the commission of murder for the purpose of maintaining his position in an enterprise engaged in racketeering activity.

On August 5, 1998, a federal jury returned a verdict finding defendant not guilty on Count 42 and guilty on Counts 1, 2, 3, 21, 26, and 29 of the Fourth Superseding Indictment.

On March 10, 1999, the district court sentenced petitioner to life in the custody of the Bureau of Prisons. *United States v. Patrick*, 41 F.Supp.2d 73 (D.Mass.1999). Petitioner filed a Notice of Appeal. On May 3, 2001, the conviction and sentence were affirmed. *See United States v. Patrick*, 248 F.3d 11 (1st Cir.2001).

On February 28, 2003, petitioner filed a petition pro se under 28 U.S.C. § 2255, moving to vacate, set aside, or to correct his sentence (Docket No. 1). Petitioner also filed a motion for trial transcripts pursuant to 28 U.S.C. § 753(f) (Docket No. 2) and a motion for leave to file an amended petition under 28 U.S.C. § 2255 (Docket No. 3). In his 2255 motion, petitioner raised a number of claims:

(1) Petitioner's sentence is in violation of his Fifth Amendment constitutional right to due process of law because the court lacked knowledge of the available range of sentencing discretion under applicable law. (Docket No. 1, Attached Memo. at 4.)

(2) Petitioner's sentence and conviction for counts 1 and 2 are in violation of his Fifth Amendment right to due process. (*Id.* at 9.)

(3) Petitioner's sentence and conviction for counts 1 and 2 are in violation of his Sixth Amendment guarantee to notice and jury trial. (*Id.*)

(4) Petitioner's sentence and conviction for counts 1 and 2 is contrary to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). (Docket No. 1, Attached Memo. at 9.)

(5) Petitioner's sentence is in violation of the Eighth Amendment. (*Id.* at 13.)

(6) Petitioner's Fifth Amendment right to due process of law and a fair trial was denied by the introduction of unintelligible tape recordings. (*Id.*)

(7) Petitioner's Fifth Amendment right was affected by the government's failure to produce exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). (Docket No. 1, Attached Memo. at 15.)

(8) Count 3 of the indictment was "fatally defective and must be dismissed." (*Id.* at 17.)

(9) Petitioner received ineffective assistance of counsel. (*Id.* at 2.)

On July 18, 2003, this court issued a Memorandum and Order denying petitioner's three motions of February 28, 2003 (Docket No. 7). The court also issued a Final Judgment dismissing with prejudice petitioner's 2255 petition (Docket No. 8).

On August 11, 2003, petitioner moved pro se to alter or amend this court's Order and Judgment (Docket No. 9). On September 30, 2003, this court issued a Final Order denying petitioner's motion (Docket No. 11).

On October 15, 2003, petitioner filed a notice of appeal regarding this court's judgments with respect to both petitioner's 2255 petition and petitioner's August 11, 2003 motion to alter or amend (Docket No. 12). On October 24, 2033, the Court of Appeals for the First Circuit issued an order informing petitioner that his appeal, First Circuit No. 03–2442, "cannot go forward unless a certificate of appealability issues." (Order of the Court, Docket No. 14.)

Petitioner now seeks a certificate of appealability so that he may in fact "appeal the dismissal of the proceeding under 28 U.S.C. § 2255" (Docket Nos. 16 and 17). Petitioner has also moved for permission to proceed in forma pauperis (Docket Nos. 18 and 19).

## III. Application To Proceed in Forma Pauperis

Under 28 U.S.C. § 1915(a)(1) (2000), this court has the discretion to authorize the commencement of an appeal without the prepayment of fees and costs to a prisoner who is financially unable to pay such fees and costs.

Having examined the supporting documentation, I find that petitioner is entitled to proceed in forma pauperis if, but only if, he is entitled to proceed on appeal in the way he seeks to do.

## IV. Certificate of Appealability

### A. Introduction

By statute, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1) (2000). This provision has been interpreted to require a certificate of appealability (COA) for the appeal of any matter that qualifies as a final order from a 2255 proceeding, not just for the appeal of the denial of the 2255 petition itself. *See Pagan v. United States,* 2003 WL 22999492 (11th Cir. Dec.23, 2003) (holding that an order denying bond, which the court found to be a final appealable order, required a COA for appeal); *Eltayib v. United States,* 294 F.3d 397, 399 (2d Cir. 2002) (requiring a COA for the appeal of the denial of a Rule 4(a)(6) motion, which "does not involve the merits of the underlying [2255 petition]"). In the First Circuit, the local rules require that the certificate of appealability be sought first from the district judge who denied the 2255 petition. First Circuit Local Rule 22.1.

Accordingly, petitioner seeks a certificate of appealability from this court to proceed with an appeal of both this court's

Final Judgment of July 18, 2003 and this court's Final Order of September 30, 2003. In the Final Judgment, this court dismissed the petitioner's 2255 proceeding. In an accompanying Memorandum and Order, this court denied several ancillary motions, including a motion for free trial transcripts. In the Final Order, this court denied petitioner's Rule 59(e)/60(b) motion to alter or amend the Final Judgment of July 18, 2003.

## B. Appeal of Final Judgment of July 18, 2003

### 1. Introduction

Petitioner offers this court two bases upon which to issue a certificate of appealability for an appeal of this court's Final Judgment of July 18, 2003:(1) the ineffective assistance of counsel claim that petitioner made in his 2255 petition, and (2) petitioner's motion for free trial transcripts, which the court denied in an accompanying Memorandum and Order.

### 2. Legal Standard

The standard by which I must evaluate petitioner's contentions derives from section 2253. The statute dictates that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

The way in which I apply this standard varies. The easy application arises when a district court has rejected the underlying 2255 petition on the merits, and the petitioner moves for a certificate of appealability on the basis of one or more of the denied claims. Because the claims in a 2255 petition must be constitutional claims, this situation clearly manifests a "denial of a constitutional right." To make the required "substantial showing" of the denied constitutional right, petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claim[ or claims] debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Matters become less apparent when no clear denial of a constitutional right exists. Such a situation arises, for instance, (1) when a district court has rejected the underlying 2255 petition on procedural grounds (not reaching the merits of the constitutional claims), or (2) when the petitioner alleges as a basis for a certificate of appealability the denial of an ancillary, non-constitutional motion, such as the denial of the motion for free transcripts that is alleged here. In the latter situation, some district courts have refused to issue a COA simply for failure to allege the denial of a constitutional right. *See, e.g., Stantini v. United States,* 268 F.Supp.2d 168, 173–74 (E.D.N.Y.2003) (refusing to issue a COA for the denial of a motion to disqualify because petitioner's denied request "gives rise to no constitutional infirmity of which this court is aware").

The Supreme Court, however, has made clear that section 2253, notwithstanding the express language about "a constitutional right," is not to be interpreted to mean "only constitutional rulings may be appealed." *Slack,* 529 U.S. at 483, 120 S.Ct. 1595. The standard must be adapted to appeals of non-constitutional rulings such as the two instances stated above.

The Supreme Court has espoused a test for the former instance (where a district court has rejected the underlying 2255 petition on procedural grounds).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 484, 120 S.Ct. 1595.

I am not aware, however, of a Supreme Court or First Circuit test for the latter instance I suggested above (where the petitioner alleges as a basis for a COA the denial of an ancillary, non-constitutional motion, as petitioner has done here). But the Court of Appeals for the *Second* Circuit may provide useful guidance.

The Second Circuit has adapted the 2253 COA standard for a Federal Rule of Appellate Procedure 4(a)(6) motion. *Eltayib,* 294 F.3d 397. A Rule 4(a)(6) motion, which is a motion for reopening the time to file an appeal, "does not involve the merits of the underlying [2255 petition]" and hence is ancillary. *Id.* at 399. A Rule 4(a)(6) motion also does not involve a constitutional right.

To determine whether a COA should issue for the denial of a Rule 4(a)(6) motion, the Second Circuit looked past the express language of section 2253. The court followed its recent precedent and took "a substantial showing of the denial of a constitutional right" to mean "an appeal [should] go forward only if the appeal has a threshold quantum of merit." *Kellogg v. Strack,* 269 F.3d 100, 104 (2d Cir.2001). The court then developed a test that evaluated all parts of the appeal for "a threshold quantum of merit."

The Second Circuit first determined that a showing that the district court abused its discretion in denying the Rule 4(a)(6) motion demonstrates "a threshold quantum of merit" for appeal. The analysis may not stop there, however. Because the Rule 4(a)(6) motion is ancillary to the merits of the underlying 2255 petition, a separate determination must be made as to the

appealability of the denial of the underlying petition. This second determination requires no new test. The Supreme Court, as I explained above, has established tests both for petitions denied on their merits and for petitions denied on procedural grounds. The Second Circuit incorporated these tests as alternative aspects of a second prong to their test.

The court thus concluded that to receive a COA for the denial of a Rule 4(a)(6) motion a petitioner must show:

(1) that jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 4(a)(6) motion; *and* (2)(a) in a case where a habeas petition was denied on the merits, that "jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong" *or* (b) in a case where a habeas petition was denied on procedural grounds without reaching the underlying constitutional claims, that [sic] "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Eltayib,* 294 F.3d at 400 (citation omitted).

I conclude that I should follow the Second Circuit's reasoning to develop a test here. Petitioner here alleges as a basis for a COA the denial of a motion for free transcripts. This motion, like a Rule 4(a)(6) motion, is ancillary to the merits of the underlying 2255 petition and is non-constitutional. (*See* Memo. & Order of Sept. 30, 2003, Docket No. 10, at 6 (noting no constitutional right to free transcripts exists in a civil proceeding).) And I am persuaded by the Second Circuit's interpretation of the language in section 2253 as requiring "a threshold quantum of mer-

it." I find that this reading both captures the meaning of the statute and abides the Supreme Court's directive that "a substantial showing of a denial of a constitutional right" is not to be interpreted to limit COAs to constitutional rulings alone.

Like the Second Circuit's test, the first prong of the test here should reflect the standard for reviewing the denial of the motion. I find that a showing that the district court abused its discretion in denying the motion for free transcripts demonstrates a threshold quantum of merit for appeal. The second prong of the test here should be identical to the second prong of the Second Circuit's test. Because a motion for free transcripts is ancillary to the denial of the underlying 2255 petition, the second prong addresses the separate determination as to the appealability of the denied petition.

■ Thus, I conclude that to receive a COA for the denial of a motion for free transcripts, petitioner must show (1) that jurists of reason would find it debatable whether the district court abused its discretion in denying the motion for free transcripts, *and* (2)(a) in a case where a habeas petition was denied on the merits (as is true here), that jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong *or* (b) in a case where a habeas petition was denied on procedural grounds without reaching the underlying constitutional claims, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

### 3. Ineffective Assistance of Counsel

Petitioner relies first on a denied claim from his 2255 petition. As articulated above, petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim or claims debatable or wrong. Petitioner asserts that "the district court's determination that petitioner did receive effective assistance of counsel is subject to debate among reasonable jurists," which accords with the standard. (Pet.'s Memo. in Support, Docket No. 17, at 5.)

Petitioner does not, however, offer persuasive argument in support of his assertion. Petitioner devotes some space to contesting what he alleges to be this court's argument that petitioner is "reraising the [effective assistance of counsel] issue [that was] previously raised in his direct appeal." (*Id.*) This court has never made such an argument. Rather, in the Memorandum and Order denying petitioner's 2255 petition, I stated, "Petitioner *did not* raise his ineffective assistance of counsel claim on direct appeal." (Memo. & Order of July 18, 2003, Docket No. 7, at 8 (emphasis added).)

Petitioner also asserts the following:

Here, the record clearly discloses, in light of *Apprendi*, that trial counsel, [sic] at trial did not understand the essential elements of the crime with which Petitioner was charged.... Because, [sic] trial counsel did not consider drug type and quantity to be an element of the offense(s) Petitioner was charged with he was ineffective in cross-examination of Government witness on this matter.

(Pet.'s Memo. in Support, Docket No. 17, at 6 (citations omitted).) Petitioner cites numerous cases regarding ineffective assistance of counsel, presumably to demonstrate disagreement by jurists of reason.

■ This second assertion by petitioner fails for two reasons. First, a "petitioner may not raise new issues by means of a request for a certificate." *Bowlen v. Scaf-*

*ati,* 395 F.2d 692, 692 (1st Cir.1968) (referring to a certificate of probable cause, which is the predecessor to the COA). In his denied 2255 petition, petitioner did not assert ineffective assistance of counsel by *trial counsel.* Rather, petitioner presented only a claim of ineffective assistance of counsel by *appellate counsel.*[1]

Second, even if petitioner may raise this contention, reasonable jurists would not find this court's determination debatable. To prove ineffective assistance of counsel, petitioner must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the [petitioner]." *Roe v. Flores–Ortega,* 528 U.S. 470, 476–77, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Petitioner argues that, given *Apprendi,* petitioner's trial counsel did not adequately consider drug type and quantity of petitioner's previous drug crimes.

■ But the Court of Appeals for the First Circuit has rejected petitioner's *Apprendi* arguments, finding "the record establishes that no jury would have failed to find beyond a reasonable doubt that his (various) drug crimes here involved over 5.0 grams of cocaine base, thus triggering a maximum sentence of life imprisonment." *Patrick,* 248 F.3d at 28. I conclude therefore that reasonable jurists could not find debatable a determination that counsel's performance, if in fact deficient, *did not* prejudice petitioner. Accordingly, I rule that reasonable jurists could not find debatable this court's determination that petitioner received effective assistance of counsel. No COA should issue on this asserted basis.

### 4. Motion for Free Trial Transcripts

Petitioner also contends that a COA should issue on the basis of the denial of his motion for free trial transcripts. As stated earlier, a petitioner must seek a COA for any appealable final order in a 2255 proceeding. This court denied the motion in question in a Memorandum and Order that accompanied the Final Judgment, which denied the underlying 2255 petition. I do not address here whether the motion for free trial transcripts is in fact an appealable final order within the meaning of section 2253. Rather, I assume appealability and conclude that, in any event, a COA should not issue.

Petitioner's motion for free trial transcripts did not involve a constitutional right. As I stated in my Memorandum and Order of September 30, 2003, "[t]he United States Supreme Court has rejected the Fifth Amendment due process-equal protection objection to a court's discretion to deny free transcripts under 28 U.S.C. § 753(f). *United States v. MacCollom,* 426 U.S. 317, 323–28, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)." (Memo. & Order of Sept. 30, 2003, Docket No. 10, at 6.)

Accordingly, petitioner must satisfy the standard developed in Part IV.B.2 for the denial of a motion for free transcripts. To receive a COA, petitioner must show (1)

---

**1.** In fact, *petitioner* did not explicitly limit his claim of ineffective assistance of counsel to appellate counsel only. *This court* limited the claim to one against appellate counsel. I did so, however, because petitioner made *no* substantive assertions with regard to his claim of ineffective assistance of counsel. In his 2255 petition, petitioner only stated the six words "denial of Effective Assistance of Counsel" in his "Summary of Argument" and then failed to mention the issue again. (Pet.'s 2255 Mot., Docket No. 1, at 2.) This court, in an effort to read pro se pleadings liberally, read petitioner's appendix "in the light most supportive of petitioner's allegations" and was able to give substance only to a claim of ineffective assistance of counsel against appellate counsel. (Memo. & Order of July 18, 2003, Docket No. 7, at 8.)

that jurists of reason would find it debatable whether the district court abused its discretion in denying the motion, and (2) in a case where a habeas petition was denied on the merits (as is true here), that jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong.

Petitioner offers the following as grounds for a COA:

> The District Court's determination that Petitioner did not need Trial Transcripts for Section 2255 Motion is *debatable among reasonable jurists.*

> In *Valverde v. Stinson,* 224 F.3d 129 (2nd Cir.2000) the Court held petitioner's allegations regarding confiscation of legal papers sufficient to establish exceptional circumstances, [sic] for justifying equitable tolling. Clearly, if an act of confiscation by corrections officer [sic] prevents a petitioner from filing a habeas corpus petition before expiration of one-year limitation period can establish exceptional circumstances warranting equitable tolling of limitations period, one can clearly agree that the denial of Trial Transcripts by the District Court and Petitioner's lawyer would be debatable among reasonable jurists.

> In sum, failure to provide the Petitioner with the Trial Transcripts, [sic] resulted in denial of access to the Court. As the government possessed these Transcripts, they are also necessary to aid the Petitioner in the preparation of his § 2255 petition. Denial of said Transcripts, [sic] works an invidious discrimination which cannot pass muster under the equal protection segment of the Fifth Amendment's Due Process Clause when the important substantive constitutional right of access to the courts is implicated.

> The question here is adequate to deserve encouragement to proceed further in this matter.

(Pet.'s Memo. in Support, Docket No. 17, at 8.)

██ Petitioner fails to show that reasonable jurists would find it debatable whether this court abused its discretion in denying petitioner's motion for free transcripts. Primarily, petitioner urges that "[t]he District Court's determination that *Petitioner did not need* Trial Transcripts" is debatable among reasonable jurists. (*Id.*) As I stated in my Memorandum and Order of September 30, 2003, however, the determination is not based on petitioner's need. "A court's decision [regarding free transcripts] turns on whether 'the transcript is needed for the *court* to "decide" a § 2255 motion—not for the *petitioner* to prepare it.' *United States v. Horvath,* 157 F.3d 131, 132 (2d Cir.1998)." (Memo. & Order of Sept. 30, 2003, Docket No. 10, at 6 (emphasis altered).)

Petitioner appears to make other contentions, but those fail to present a cogent argument.

Petitioner fails even to address the second prong of the test—that jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong. After reviewing the Memorandum and Order of July 18, 2003, I conclude that jurists of reason could not make such a finding.

No COA should issue on the basis of this court's denial of petitioner's motion for free trial transcripts.

### C. Appeal of Final Order of September 30, 2003

Petitioner does not address, or offer a basis for, the issuance of a COA for the appeal of this court's Final Order of Sep-

tember 30, 2003, which denied petitioner's Rule 59(e)/60(b) motion.

According to the Second Circuit,

a certificate of appealability should issue in a case involving the denial of a Rule 60(b) motion "only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right."

*Eltayib*, 294 F.3d at 399 (citation omitted). After reviewing the Memorandum and Order of September 30, 2003, I conclude that jurists of reason could not find it debatable whether this court abused its discretion in denying petitioner's motion. I rule therefore that a COA should not issue for the appeal of this court's Final Order of September 30, 2003.

### ORDER

For the foregoing reasons, it is OR-DERED:

(1) Petitioner's Motion for Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)(B) (Docket No. 16) is DE-NIED.

(2) Petitioner's Application To Proceed in Forma Pauperis (Docket No. 18) is DE-NIED in view of the denial of the certificate of appealability.

(3) The Clerk is directed to deliver forthwith to the Clerk of the Court of Appeals for the First Circuit, in relation to First Circuit No. 03–2442, a certified copy of this Memorandum and Order.