**UNITED STATES of America**

v.

**Peter David FROST, Defendant.**

**No. CR–03–40–B–W.**

United States District Court,
D. Maine.

Oct. 21, 2004.

---

Donald F. Brown, Law Office of Donald F. Brown, Brewer, ME, for Peter David Frost (1), fka Peter David Ramsdell (1), Defendants.

Gail Fisk Malone, Office of the U.S. Attorney, District of Maine, Bangor, ME, for USA, Plaintiff.

## ORDER ON DEFENDANT'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE

WOODCOCK, District Judge.

## I. INTRODUCTION

On April 15, 2004, Defendant Peter David Frost was convicted by a jury of possession of firearms after dishonorable discharge in violation of 18 U.S.C. § 922(g)(6). On September 29, 2004, the Defendant filed a Pro Se Motion for Leave to Proceed *in Forma Pauperis* on Appeal, and on October 4, 2004, he filed a Pro Se Motion for Transcripts at Government Expense. This Court DENIES both Motions.

## II. DISCUSSION

### A. Motion for Leave to File *in Forma Pauperis*

■ Under 28 U.S.C. § 1915(a)(1), this Court has the discretion to authorize the commencement of an appeal without the prepayment of fees and costs to a prisoner who is financially unable to pay such fees and costs. *See Patrick v. United States,* 298 F.Supp.2d 206, 209 (D.Mass.2004), *aff'd,* 248 F.3d 11 (1st Cir.2001), *cert. denied,* 535 U.S. 910, 122 S.Ct. 1215, 152 L.Ed.2d 152 (2002). The statute requires the Defendant to submit an affidavit that includes a statement of all his assets and states "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3).

■ In *Ellis v. United States,* 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958), the Supreme Court held that the request of an indigent for leave to appeal *in forma pauperis* must be allowed unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant. In *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), the Supreme Court, in articulating the standards to be applied by

the lower federal courts in determining applications for leave to appeal convictions *in forma pauperis,* said:

> It is not the burden of the petitioner to show that his appeal has merit, in the sense that he is bound, or even likely, to prevail ultimately. He is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts. It is the burden of the Government, in opposing an attempted criminal appeal in forma pauperis, to show that the appeal is lacking in merit, indeed, that it is so lacking in merit that the court would dismiss the case on motion of the Government, had the case been docketed and a record been filed by an appellant able to afford the expense of complying with those requirements.

*Coppedge,* 369 U.S. at 448, 82 S.Ct. 917; *see also Dodge v. Bennett,* 335 F.2d 657, 659 (1st Cir.1964)(the court denied the application to appeal *in forma pauperis,* certifying that it was not taken in good faith because there was no substantial question presented for decision on appeal); *Desmond v. United States,* 333 F.2d 378, 381 (1st Cir.1964)(to defeat a defendant's motion to file an appeal *in forma pauperis* the government must show that appellate relief would be futile); *cf. Walker v. O'Brien,* 216 F.3d 626, 632 (7th Cir. 2000)(to determine that an appeal is in good faith, the court need only find that a reasonable person could suppose that the appeal has some merit).

This Court denies the Defendant's Motion. First, the Affidavit fails to comply with the requirements of the statute. Specifically, the Affidavit is blank where the Defendant is required to list the issues on appeal. Although the Defendant's Affidavit confirms he is indigent, there is nothing to inform the Court what "substantial question" would be presented on appeal,

other than a general statement that he believes he is "entitled to redress." *See Schweitzer v. Scott,* 469 F.Supp. 1017, 1018–19 (C.D.Cal.1979)(where application for leave to appeal *in forma pauperis* failed to state nature of action, was not notarized, and failed to state affiant's belief that he was entitled to redress, application was insufficient and therefore denied).

Nevertheless, because the Defendant is now proceeding pro se, this Court has reviewed the evidence, objections, and arguments presented during his trial to assess whether it can independently conclude that substantial questions were generated. This Court concludes there are no such issues. Therefore, the Defendant's Motion for Leave to Proceed *in Forma Pauperis* on Appeal is denied.

**B. Motion for Transcripts at Government Expense**

 Under 28 U.S.C. § 753(f), fees for transcripts furnished to persons permitted to appeal *in forma pauperis* shall be paid by the United States "if the trial court ... certifies that the appeal is not frivolous (but presents a substantial question)." *See Edward B. v. Paul,* 814 F.2d 52, 57 (1st Cir.1987). As the language of the statute makes clear, *in forma pauperis* status is a prerequisite to a grant of free transcripts. *See Maloney v. E.I. DuPont de Nemours & Co.,* 396 F.2d 939, 940 (D.C.Cir.1967), *cert. denied,* 396 U.S. 1030, 90 S.Ct. 585, 24 L.Ed.2d 525 (1970)("Before a free transcript can be furnished, then, the appeal must be permitted *in forma pauperis.*"). For the reasons discussed above, the Defendant will not be permitted to proceed *in forma pauperis* on appeal. Therefore, the Defendant is not entitled to free transcripts under § 753(f).[1]

---

**1.** If the Defendant were entitled to proceed *in* *forma pauperis* on appeal, the second require-

## III. CONCLUSION

Based on the foregoing conclusions, the Defendant's Motion for Leave to Proceed *in Forma Pauperis* on Appeal and his Motion for Transcripts at Government Expense are DENIED.

ment of § 753(f) must be satisfied before this Court may order any transcript at the public expense—a certification that "the appeal is not frivolous (but presents a substantial question)." A "substantial question" under § 753(f) is "one which is 'reasonably debatable' based on an objective standard." *Shabazz v. Cole,* 69 F.Supp.2d 210, 227 (D.Mass. 1999) (citations omitted). In addition, the requested trial transcript must be "required for proper appellate review." *Id.* (quoting

*Nolt v. Strausser,* 761 F.Supp. 18, 19 (E.D.Pa. 1990)). In his Motion, the Defendant simply asserts he is indigent; however, he has failed to articulate any basis for his appeal, much less specify the grounds with sufficient particularity to allow this Court to assess the need for the trial transcript. *See Shabazz,* 69 F.Supp.2d at 227. Therefore, the Defendant has failed to meet the requirements of § 753(f).