**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARRELL LEE COOTS,

      Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Interim Director of
the Oklahoma Department of Corrections,

      Respondent - Appellee.

No. 16-6058
(D.C. No. 5:13-CV-00835-M)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.
_____

Darrell Lee Coots, a state prisoner proceeding pro se,[1] seeks to appeal from the

denial of his motions to extend or reopen the time to appeal the denial of his application

for a writ of habeas corpus under 28 U.S.C. § 2254.  As we explain below, Mr. Coots

must obtain a certificate of appealability ("COA") to pursue this appeal.  Exercising

---

    * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Coots proceeds pro se, we construe his filings liberally.  *See
Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v.
Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's]
arguments liberally; this rule of liberal construction stops, however, at the point at which
we begin to serve as his advocate.").

jurisdiction under 28 U.S.C. § 1291, we deny a COA. We also deny his request to proceed *in forma pauperis*.

## I. BACKGROUND

Mr. Coots filed an application for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. The district court denied Mr. Coots's application on the merits and entered final judgment on January 21, 2014 . On June 4, 2015, Mr. Coots filed a "Motion for Clarification/Extension to Appeal," arguing, in relevant part, that he never received notice of the court's order denying his habeas application. *See* Fed. R. App. P. 4(a)(5) (permitting a district court to extend the time to file a civil appeal).

On August 21, 2015, while this motion was pending, Mr. Coots filed a notice of appeal as to the denial of his habeas application. We dismissed his appeal as untimely. We explained:

> The timely filing of a notice of appeal is both mandatory and jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). In a proceeding under 28 U.S.C. § 2254, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A); *see also Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008) (applying Fed. R. App. P. 4(a) time limit to § 2254 proceeding).
>
> The district court is authorized to grant relief from this deadline by extending or reopening the time to appeal if certain conditions are satisfied. *See* Fed. R. App. P. 4(a)(5) and 4(a)(6). A motion for extension of time under Fed. R. App. P. 4(a)(5) must be filed no later than 30 days after the time to appeal expires, in this case March 24, 2014. Fed. R. App. P. 4(a)(5)(A)(i). A motion to reopen the time to appeal under Fed. R. App. P. 4(a)(6), which is based on lack of notice of entry of the judgment, must be filed within (1) 180 days after entry of the judgment (here, July 21, 2014) or (2) 14 days after the moving party receives notice of entry of the judgment (here, June 11, 2015, assuming Coots received notice [of] the

district court's May 28, 2015 order), "*whichever is earlier.*" Fed. R. App. P. 4(a)(6)(B) (emphasis added).    Although Coots filed his motion for extension of time to appeal on June 4, 2015, within 14 days of receiving notice, he did not file his motion by the *earlier* deadline, July 21, 2014.

Because Coots's motion for extension of time was not timely under either Fed. R. App. P. 4(a)(5) or Fed. R. App. P. 4(a)(6), the district court lacks authority to grant any relief from the filing deadline. Coots's August 21, 2015 notice of appeal is clearly untimely and, therefore, this court lacks jurisdiction to consider this appeal.

*Coots v. H. A. Rios, Jr.*, No. 15-6157, at \*2-3 (10th Cir. August 28, 2015).

On September 4, 2015, Mr. Coots filed a "Supplemental/Motion for an Extension/Reopen the Time to Appeal" in district court, asserting he did not receive notice of the court's order denying his habeas application until May 28, 2015.  *See* Fed. R. App. P. 4(a)(6) (permitting a district court to reopen the time to file a civil appeal if, among other things, the movant did not receive notice of the entry of judgment within twenty-one days of entry).

On October 21, 2015, Mr. Coots filed a "Motion to Add Supplemental Documentation."  He attached a letter from his attorney, stating the attorney was unable to find documentation indicating he sent Mr. Coots a copy of the court's order denying him habeas relief.

The district court denied the June 4, September 4, and October 21 (all 2015) motions, concluding they were untimely.

## II.  **DISCUSSION**

To appeal the denial of his Rule 4(a)(5) and Rule (4)(a)(6) motions in his § 2254 proceeding, Mr. Coots must obtain a COA.  *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a

circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . . "); *Dulworth v. Jones*, 496 F.3d 1133, 1135-36 (10th Cir. 2007) (noting other circuits require a COA to appeal the denial of a Rule 4(a)(6) motion because such denials are final orders); *United States v. Rinaldi*, 447 F.3d 192, 195 (3d Cir. 2006) (holding the denial of a Rule 4(a)(6) motion is a final order, and a COA is therefore necessary for appellate review of that denial); *Eltayib v. United States*, 294 F.3d 397, 398-99 (2d Cir. 2002) (same).

To obtain a COA in a § 2254 case involving the denial of a Rule 4(a)(5) motion and Rule 4(a)(6) motion, Mr. Coots must at least show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Rinaldi*, 447 F.3d at 195; *Eltayib*, 294 F.3d at 400.

Whether the district court correctly denied Mr. Coots's motions is beyond debate. As we explained in our previous order, Mr. Coots was required to file a Rule 4(a)(5) motion within 30 days of entry of judgment, which he did not. He was required to file a Rule 4(a)(6) motion by July 21, 2014, which he did not. No reasonable jurist would argue the district court erred in denying Mr. Coots's motions. We accordingly decline to issue a COA.

## III.  **CONCLUSION**

For the foregoing reasons, we deny a COA and dismiss this matter.  We also deny

Mr. Coots's request to proceed *in forma pauperis.*


ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge