FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 17, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS ANTILLO-QUINTERO,

    Defendant - Appellant.

No. 23-1253
(D.C. Nos. 1:22-CV-02310-RM &
1:20-CR-00028-RM-14)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Jesus Antillo-Quintero, a federal prisoner, seeks a certificate of appealability

(COA) to appeal the denial of his motion to reopen the time to appeal the denial of his

motion for a writ of habeas corpus under 28 U.S.C. § 2255.  Exercising jurisdiction under

28 U.S.C. § 1291, we deny a COA.

I

Mr. Antillo-Quintero timely filed a motion for writ of habeas corpus under § 2255

in the United States District Court for the District of Colorado.  On January 27, 2023, the

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion was denied. The court's docket sheet shows that a copy of the order was mailed to Mr. Antillo-Quintero at his address on file with the court.

On July 26, 2023, Mr. Antillo-Quintero filed a motion under Fed. R. App. P. 4(a)(6) to reopen the time to appeal. Rule 4(a)(6)(A)-(C) provides in relevant part that the court may reopen the time for filing an appeal in a civil case where (1) the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of judgment or the order sought to be appealed within twenty-one days of entry; (2) the motion is filed within 180 days after entry of the judgment or order; and (3) no party would be prejudiced. Mr. Antillo-Quintero argued that he satisfied all these requirements.

The district court denied the motion. Focusing on the first requirement, the court found that the order was mailed to Mr. Antillo-Quintero's address and "was [never] returned as undeliverable or otherwise," Aplt. App. at 84, pointing to the docket sheet showing that the order was mailed to Mr. Antillo-Quintero at his address on file with the court. In a separate order, the court denied a COA on the grounds that "jurists of reason would [not] find it debatable whether the district court was correct in its procedural ruling." Aplt. App. at 89 (internal quotation marks omitted). "Here, the matter is not debatable in the eyes of this Court. The Motion to Reopen was predicated on the docket's failure to show mailing and service. But, as set forth in the Order Denying Motion to Reopen, examination of the docket readily reveals" that the order was mailed to Mr. Antillo-Quintero. *Id*. Mr. Antillo-Quintero seeks a COA to appeal the court's denial of the motion to reopen.

2

## II

To appeal the denial of relief under § 2255, a prisoner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). "We may grant a COA only if the petitioner makes a 'substantial showing of the denial of a constitutional right.'" *Milton v. Miller*, 812 F.3d 1252, 1263 (10th Cir. 2016) (quoting 28 U.S.C. § 2253(c)(2)).

When the district court's denial of relief is based on procedural grounds, a COA may not issue unless the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The prisoner must overcome both hurdles, as "[e]ach component . . . is part of a threshold inquiry." *Id.* at 485. But instead of addressing the threshold requirements in order, we may "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

## III

Mr. Antillo-Quintero raises two arguments. First, he maintains that a COA is not required to appeal the denial of a motion to reopen the time to appeal. We disagree. *See Dulworth v. Jones*, 496 F.3d 1133, 1135-36 (10th Cir. 2007) (noting other circuits require a COA to appeal the denial of a Rule 4(a)(6) motion because such denials are final orders), *abrogated on other grounds by Harbison v. Bell*, 556 U.S. 180, 183 (2009);

*United States v. Rinaldi*, 447 F.3d 192, 195 (3d Cir. 2006) (holding the denial of a Rule 4(a)(6) motion is a final order, and a COA is therefore necessary for appellate review of that denial); *Eltayib v. United States*, 294 F.3d 397, 398-99 (2d Cir. 2002) (same); *Coots v. Allbaugh*, 656 F. App'x 385, 387 (10th Cir. 2016) (unpublished) (same) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A)).

Second, Mr. Antillo-Quintero points to a mailing error concerning a different order that was intended for him but sent by mistake to a different prisoner and returned to the district court as "Unclaimed." Aplt. App. at 87.  He maintains that had the court been aware of this error—albeit a mailing error concerning different order—it might have found his version of the facts more believable and granted the motion.  Again, we disagree.  As the court found, the docket plainly establishes that the order denying the § 2255 motion was mailed to Mr. Antillo-Quintero—not to someone else by mistake.

IV

Because reasonable jurists would not debate the correctness of the district court's denial of Mr. Antillo-Quintero's motion to reopen, we decline to issue a COA and we dismiss this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge