**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

FLOYD BLACKBURN,

      Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY
JOHNSON, Governor, State of New
Mexico; ROBERT PERRY, Secretary
of Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT,
State of New Mexico; WACKENHUT
CORRECTIONS CORPORATION, a
Florida Corporation; LEA COUNTY,
New Mexico; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 01-2104
(D.C. No. CIV-00-295 BB/LCS)
(D. N.M.)

---

ORDER AND JUDGMENT *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

\*     The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Floyd Blackburn, proceeding pro se, appeals the district court's denial of his motion to alter or amend the judgment filed in his habeas proceeding brought pursuant to 28 U.S.C. § 2241. The district court dismissed petitioner's § 2241 petition for failure to exhaust state court remedies.[1] Erroneously believing that the district court still had jurisdiction over his § 2241 petition,[2] petitioner thereafter filed a motion for summary judgment. The district court construed the summary judgment motion as one for relief from the judgment under Fed. R. Civ. P. 60(b) and denied it. Petitioner then filed the motion at issue here, arguing that the district court erred in treating his summary judgment motion as one seeking relief from judgment under Rule 60(b).

Before petitioner can proceed on appeal, he must obtain a certificate of appealability from this Court under 28 U.S.C. § 2253(c). To do so, petitioner must show that jurists of reason would both "find it debatable whether the district court was correct in its procedural ruling" and "find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Blackburn did not have an action

[1] Petitioner's appeal of the dismissal order was docketed in this Court as appeal No. 00-2240. By order and judgment entered November 29, 2000, this Court denied petitioner a certificate of appealability and dismissed that appeal.

[2] It appears that petitioner mistook this Court's decision dismissing an earlier interlocutory appeal for lack of jurisdiction (No. 00-2111) as the decision in his appeal on the merits (No. 00-2240), and therefore believed that his § 2241 action was still pending in the district court.

pending in the district court upon which the court could grant summary judgment, the district court correctly construed his motion for summary judgment as a Rule 60(b) motion. Based on our review of the record, we conclude that petitioner has not made the required showing under Slack.

Accordingly, petitioner's application for a certificate of appealability is DENIED and the appeal is DISMISSED. Petitioner's "Motion for a Writ of Mandamus," which seeks to compel respondents to file a brief in this appeal, is DENIED.

Entered for the Court


Carlos F. Lucero
Circuit Judge