FILED
United States Court of Appeals
Tenth Circuit

June 9, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

---

DARRYL WAYNE MANCO,

Petitioner - Appellant,

v.

ROGER WERHOLTZ,

Respondent - Appellee.

No. 07-3363
(D. Ct. No. 07-CV-03184-SAC)
(D. Kan.)

---

**ORDER**

---

Before **TACHA, KELLY**, and **McCONNELL**, Circuit Judges.

---

In July 2007 and appearing pro se, Darryl Wayne Manco filed in the district court a document titled "Notice of Intent to File Writ of Habeas Corpus, Pursuant to 28 U.S.C. 2254." The district court characterized this pleading as a § 2254 habeas petition, and on November 8, 2007, the court dismissed the petition as barred by the statute of limitations. On November 28, 2007 and again appearing pro se, Mr. Manco filed a "motion for reconsideration" in the district court,[1] and on December 14, 2007, he filed a notice of appeal.

---

[1] The district court construed a portion of Mr. Manco's "motion for reconsideration" as a second or successive habeas petition and transferred it to this Court to permit Mr. Manco to seek authorization under 28 U.S.C. § 2244(b)(3). We determined that the transferred portion of his motion was not a second or successive motion and remanded the case to the district court. *See In re Manco*, Case No. 08-3044.

Mr. Manco did not file a notice of appeal within thirty days after entry of the November 8 judgment as required by Fed. R. App. P. 4(a)(1)(A). In addition, the filing of his motion for reconsideration did not extend the thirty-day time period. Depending on when the motion is filed, we construe a "motion for reconsideration" as either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or a motion for relief from the judgment under Fed. R. Civ. P. 60(b). Because Mr. Manco filed his motion more than ten days after the November 8 judgment, we consider it a motion for relief under Rule 60(b). *Hatfield v. Bd. of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). Under Fed. R. App. P. 4(a)(4)(A)(vi), a Rule 60 motion extends the time for filing a notice of appeal only if "the motion is filed no later than [ten] days after the judgment is entered." Because the motion was filed more than ten days after the November 8 judgment, it did not toll the thirty-day period for filing a notice of appeal.

In addition, Mr. Manco has not established that he filed his motion for reconsideration or his notice of appeal in accordance with the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (noting that an inmate has the burden of proving a timely filing under the prison mailbox rule). Generally, "a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline." *Id.* at 1163–64; *see also* Fed. R. App. P. 4(c)(1) (incorporating prison mailbox rule when inmate files a notice of appeal). But Mr. Manco has not complied with the requirements for establishing a timely filing under the prison mailbox rule. *See Price*, 420 F.3d at 1166 (explaining that timely filing may be

established through the use of a prison's legal mail system or, in the absence of such a system, by "a notarized statement or a declaration under penalty of perjury"). We therefore rely on the dates Mr. Manco filed these documents in the district court. *Id.* at 1167. Based on these dates, his appeal is untimely unless we conclude that his motion for reconsideration is the "functional equivalent" of a formal notice of appeal.

When a document filed within the time period specified in Fed. R. App. P. 4 provides the information required by Fed. R. App. P. 3, it may serve as a notice of appeal. *Smith v. Barry*, 502 U.S. 244, 249 (1992). To satisfy Rule 3, the document must "specify the party making the appeal, the judgment or order from which the party appeals, and the court to which the appeal is taken." *Hatfield*, 52 F.3d at 862. The purpose of the rule is to provide "sufficient notice to other parties and the courts." *Smith*, 502 U.S. at 248. If the document provides sufficient notice, we may treat it as a notice of appeal. *Id.*

Although we "liberally construe" Rule 3's requirements, Mr. Manco's motion for reconsideration is not the "functional equivalent" of a notice of appeal because it does not convey all the information specified in Rule 3(c). *Smith*, 502 U.S. at 249 (holding that an appellate court may treat a filing as a notice of appeal *if* it "conveys the information required by Rule 3(c)"). In particular, the motion does not "name the court to which the appeal is taken," Fed. R. App. P. 3(c)(1)(C), or otherwise convey Mr. Manco's intention to appeal the judgment. Mr. Manco therefore failed to file a timely notice of appeal. Because "the timely filing of a notice of appeal in a civil case is a jurisdictional

requirement," *Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007), we must DISMISS this appeal for lack of jurisdiction.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge