**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOMMY LEE CHRISTMAS, JR.,

    Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

    Respondent-Appellee.

No. 07-5073
(D.C. No. 03-CV-873-TCK-PJC)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH** and **HOLMES**, Circuit Judges.

Petitioner-Appellant Tommy Lee Christmas, Jr., appearing pro se, seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Reviewing Mr. Christmas's filings liberally,[1] we

---

[*]     This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Christmas is proceeding pro se, we review his pleadings and filing liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

hold that no reasonable jurist could conclude that the district court's denial was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we **DENY** Mr. Christmas's application for a COA and **DISMISS** his appeal.

## I. BACKGROUND

In February 2001, Mr. Christmas was charged in Tulsa County District Court with seven counts stemming from a robbery and his subsequent attempt to flee the scene. Represented by counsel, Mr. Christmas filed an application for a determination of competency. A competency hearing was held, and the trial court found Mr. Christmas "to be incompetent but capable of possibly achieving competency within a reasonable period." R., Doc. 7, Ex. 1 at 50 (Tr. of Proceedings, dated Sept. 25, 2001). The court ordered Mr. Christmas committed to have doctors further examine him and determine if he could attain competency.

A second competency hearing was held in March 2002, at which the court found Mr. Christmas competent to stand trial. Mr. Christmas filed a motion to reconsider, which was denied. In September 2002, Mr. Christmas filed another application for a determination of competency. The court heard arguments from Mr. Christmas's counsel and concluded that there was no new evidence to justify another competency hearing.

Mr. Christmas entered a blind plea of no contest to five of the counts, and the remaining two counts were dismissed. The district court found Mr. Christmas guilty and sentenced him to twenty-five years of imprisonment on each of three

counts, thirty-five years of imprisonment on one count, and twenty years of imprisonment on the remaining count, with these sentences to be served consecutively. Mr. Christmas then filed a motion to withdraw his plea. After a hearing, the district court denied his motion.

Mr. Christmas then filed a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). He raised six issues but only argued that his plea was not knowingly and voluntarily entered. The OCCA only addressed the issue he argued and found that his plea was entered into knowingly and voluntarily.

Mr. Christmas raised the same issue—that his plea was not knowing and voluntary—in his federal habeas corpus petition filed with the district court. The district court denied his petition and entered its final judgment on March 30, 2007. Mr. Christmas filed a notice of appeal, which was received by the district court on May 3, 2007, but dated by Mr. Christmas as being sent on April 29.

## II. DISCUSSION

As a threshold matter, we must determine our jurisdiction to hear this appeal. *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell* 127 S. Ct. 2360, 2366 (2007). The Federal Rules of Appellate Procedure establish that a notice of appeal must be filed within 30 days after a civil judgment being appealed is entered. Fed. R. App. P. 4(a)(1)(A). Accordingly, Mr. Christmas's notice of appeal was due by April 30. His notice is

3

timely only if we can accept April 29, the date on which Mr. Christmas indicates he sent the notice, as the date of filing. Mr. Christmas bears the burden of establishing that his filing was timely. *See Manco v. Werholtz*, 528 F.3d 760, 762 (10th Cir. 2008) (citing *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005)).

When a party is incarcerated, as Mr. Christmas is, a filing is considered timely "if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). To comply with this prison mailbox rule, the prisoner must use a legal mail system at the prison or, if the prison lacks such a system, the prisoner must "submit a declaration or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004). Because Mr. Christmas does not have access to a legal mail system and his certificate of mailing on his notice of appeal did not include all of the required information, we filed an order on May 10, 2007, instructing Mr. Christmas to provide written proof that he complied with the prison mailbox rule. Mr. Christmas filed a response in which he indicated, under penalty of perjury, that he deposited his notice of appeal into the prison mail, with postage pre-paid, on April 29, 2007. He also included a footnote quoting Fed. R. App. P. 25(a)(2)(c), which has the same requirements for inmate filing as Fed. R. App. P. 4(c)(1).

Mr. Christmas failed to note in the body of his response that *first-class*

4

postage was prepaid—information that is required by the rule. However, construing Mr. Christmas's pro se filings liberally, this information did appear in the response's footnote through a reference to the language of Rule 25(a)(2)(c). Accordingly, we consider this information to have been properly included in Mr. Christmas's response. Furthermore, there is no requirement that the attestation in the rule be filed at any particular time so long as it is filed before the case is resolved. *Ceballos-Martinez*, 387 F.3d at 1144 n.4. Accordingly, we conclude that Mr. Christmas's response was sufficient to invoke our jurisdiction under the prison mailbox rule.

Turning to the merits of Mr. Christmas's appeal,[2] we deny his COA for substantially the same reasons that the district court denied his habeas petition.

Regarding Mr. Christmas's claims that he was incompetent to enter a plea and the state trial court erred in finding him competent, the district court properly applied *Allen v. Mullin*, 368 F.3d 1220 (10th Cir. 2004), in concluding that Mr.

---

[2]    Although Mr. Christmas states that he is reasserting the arguments he has previously made, he focuses his argument on appeal on the constitutionality of Oklahoma's procedures for determining competency. However, this is not an issue that we can consider because Mr. Christmas has not exhausted his remedies on this issue. *See* 28 U.S.C. § 2254(b), (c). Furthermore, he did not present this claim to the district court, and absent extraordinary circumstances, we will not consider an issue on appeal that was not before the district court. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993). We are not aware of any extraordinary circumstances here that would lead us to depart from this settled practice to reach Mr. Christmas's late-blooming issue concerning the constitutionality of Oklahoma's competency procedures. We deem this issue to be forfeited.

Christmas did not present a procedural or substantive competency claim. The record demonstrates that there was a competency hearing where a state psychologist opined that Mr. Christmas was malingering, supporting her conclusion by reference *inter alia* to psychological tests performed on Mr. Christmas and school records. The only evidence to the contrary came from another psychologist who did not believe that Mr. Christmas was malingering but had not conducted any tests regarding malingering. Based on the totality of the evidence, Mr. Christmas has not demonstrated that the state trial court failed to give proper weight to the evidence suggesting incompetence; therefore, he has not demonstrated a procedural competency claim. *See Allen*, 368 F.3d at 1239-40.

Because competency is a factual issue, *Thompson v. Keohane*, 516 U.S. 99, 111 (1995), there is a presumption that the state court was correct in making that determination. 28 U.S.C. § 2254(e)(1). Mr. Christmas must show clear and convincing evidence rebutting this presumption. *Id.* However, he has failed to rebut this presumption and "create[] a real, substantial and legitimate doubt as to his competency to stand trial." *Allen*, 368 F.3d at 1240 (citation omitted). Accordingly, his substantive competency claim is also without merit.

Mr. Christmas's argument on his claim that his plea was not knowing and voluntary because his attorney told him that his sentences would "run together" if he pled guilty also fails. The district court properly applied *Allen*, *supra*, and *Cunningham v. Diesslin*, 92 F.3d 1054 (10th Cir. 1996), in concluding that Mr.

6

Christmas's plea was knowing and voluntary. The record is replete with statements from Mr. Christmas indicating that he understood the proceedings. Mr. Christmas also admitted that his attorney did not promise him anything in return for his plea. Thus, with Mr. Christmas's admission that no promises were ever made, at best there was a statement from his attorney that his sentences would likely be concurrent, and such an erroneous sentencing prediction does not render a plea unknowing. *See Cunningham*, 92 F.3d at 1061. Likewise, Mr. Christmas has not demonstrated that he did not understand the proceedings. *See Allen*, 368 F.3d at 1240. Accordingly, Mr. Christmas's claim that his plea was not knowing and voluntary is without merit.

For the reasons stated above, Mr. Christmas's request for a COA is **DENIED** and his appeal is **DISMISSED**.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

7