**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KELLY S. MCENTIRE,

　　　　Plaintiff-Appellant,

v.

FEDERATED INVESTMENT
MANAGEMENT; FEDERATED
SECURITIES; FEDERATED
SHAREHOLDER SERVICES; STATE
OF UTAH ATTORNEY GENERAL;
ROBERT NEWMAN; DENNIS R.
KELLER; RICH FREEMAN; BANK
OF UTAH,

　　　　Defendants-Appellees.

No. 08-4100
(D.C. No. 1:06-CV-00133-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kelly S. McEntire appeals pro se the district court's dismissal of his action for failure to prosecute. Because he failed to file a timely notice of appeal, we dismiss his appeal for lack of jurisdiction.

Mr. McEntire filed a complaint in district court on October 23, 2006. A month later, after reviewing the filing, a magistrate judge noted that Mr. McEntire had included two different cover pages listing different parties and different claims. Questioning whether Mr. McEntire intended to file two separate actions, the magistrate judge ordered him to file within 30 days an amended complaint clarifying who the parties were, including both plaintiffs and defendants, and setting forth his federal claims with sufficient supporting facts. The magistrate judge further ordered him to provide complete and accurate addresses of all parties, in light of his previously filed motion for service of process.

After the magistrate judge's order, Mr. McEntire sent correspondence and other documents to the court, and even filed a motion for summary judgment,[1] but he did not file an amended complaint. At a status conference on April 16, 2007, the magistrate judge found that Mr. McEntire had not complied with the court's prior order to file an amended complaint and had failed to prosecute his action. The magistrate judge informed him that a report and recommendation to dismiss

---

[1]  In the caption of his summary-judgment motion, Mr. McEntire listed additional defendants that he did not name in his complaint, and he omitted several parties that he did name in his complaint.

this action would be submitted to the district court, and further admonished him to cease sending correspondence directly to the magistrate judge.

The magistrate judge issued a report and recommendation for dismissal, notifying Mr. McEntire that a failure to file objections within ten days could constitute a waiver of any objections on appellate review. Mr. McEntire did not file any objections, so the district court adopted the magistrate judge's report and recommendation and dismissed the action on May 8, 2007. Mr. McEntire submitted four more documents within ten days of the dismissal order. The court liberally construed these documents as a motion for reconsideration and denied the motion on May 31, 2007, as presenting no grounds for the court to depart from its previous ruling. Nearly a year later, on May 29, 2008, Mr. McEntire filed a notice of appeal.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Manco v. Werholtz*, 528 F.3d 760, 762 (10th Cir. 2008) (internal quotation marks omitted). A notice of appeal must be filed "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). In this case the district court did not set out the judgment in a separate document, as required by Fed. R. Civ. P. 58(a), and therefore judgment did not enter until October 5, 2007, 150 days after the dismissal order was entered in the district court docket, *see* Rule 58(c)(2)(B). Thus, the last date upon which Mr. McEntire could have filed a timely notice of appeal was 30 days later, on Monday,

-3-

November 5, 2007. *See Mondragón v. Thompson*, 519 F.3d 1078, 1081-82 (10th Cir. 2008) (calculating final date for filing notice of appeal when judgment not set out in separate document). Mr. McEntire's notice of appeal, filed on May 29, 2008, was therefore untimely.[2]

Nor can any of Mr. McEntire's other pleadings be treated as a notice of appeal. As noted, he filed several documents shortly after the district court dismissed his action. If any of these documents "is the 'functional equivalent' of a formal notice of appeal," his appeal would be timely. *Manco*, 528 F.3d at 762; *see also* Fed. R. App. P. 4(a)(2) (notice of appeal filed before entry of judgment may be "treated as filed on the date of and after the entry").

> When a document filed within the time period specified in Fed. R. App. P. 4 provides the information required by Fed. R. App. P. 3, it may serve as a notice of appeal. To satisfy Rule 3, the document must specify the party making the appeal, the judgment or order from which the party appeals, and the court to which the appeal is taken.

*Manco*, 528 F.3d at 762 (citation and internal quotation marks omitted). Here, Mr. McEntire's filing on May 10, 2007, refers in its subject line to numerous matters, including an "appeal of 1:06-cv-[]00133," the district court case number in this action. R., Vol. VI, Doc. 35 at 1. But neither that document nor his other

---

[2] Even if the 150-day period before entry of judgment under Rule 58(c)(2)(B) began on May 31, 2007, when the district court denied Mr. McEntire's motion for reconsideration, his notice of appeal filed on May 29, 2008, would still have been untimely.

filings within the appeal period "designate the judgment, order, or part thereof being appealed," or "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(B) & (C). Nothing in these filings mentions the district court's dismissal of the action or indicates that Mr. McEntire was even aware of the court's dismissal order. "Although we liberally construe Rule 3's requirements, [his] motion for reconsideration is not the functional equivalent of a notice of appeal because it does not convey all the information specified in Rule 3(c)." *Manco*, 528 F.3d at 762 (internal quotation marks omitted). Therefore, absent a timely notice of appeal, we must dismiss this appeal for lack of jurisdiction.

The appeal is DISMISSED for lack of jurisdiction.

Entered for the Court


Harris L Hartz
Circuit Judge