FILED
United States Court of Appeals
Tenth Circuit

October 1, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHELLE LYMAN; HELEN
VALDEZ,

      Plaintiffs - Appellants,

STEVEN MACARTHUR;
NATHANIEL PENN; CANDACE
LAWS; LINDA CACAPARDO, SUE
BURTON; AMY TERLAAK; ALISON
DICKSON; CANDACE HOLIDAY;
NICOLE ROBERTS; DONNA
SINGER; FRED RIGGS,

      Plaintiffs,

v.

SAN JUAN COUNTY; SAN JUAN
HEALTH SERVICES DISTRICT, J.
TYRON LEWIS, BILL REDD,
Commissioners; CRAIG HALLS;
REID M. WOOD; CLEAL
BRADFORD; ROGER ATCITTY;
JOHN LEWIS; JOHN
HOUSEKEEPER; KAREN ADAMS;
PATSY SHUMWAY; JAMES D.
REDD, Doctor; L. VAL JONES,
Doctor; MANFRED R. NELSON,
Doctor; RICHARD BAILEY;
MARILEE BAILEY; ORA LEE
BLACK; GARY HOLLADAY; LORI
WALLACE; AKA Laurie Walker;
CARLA GRIMSHAW; GLORIA
YANITO; JULIE BRONSON;
LAURIE SCHAFER; LYN STEVENS,

No. 07-4267
(D.C. No. 00-CV-584-BSJ)
(D. Utah)

San Juan County Commissioner,

Defendants - Appellees.

## ORDER AND JUDGMENT[*]

Before **KELLY**, **TYMKOVICH**, Circuit Judges and **DeGIUSTI**[**], District Judge.[***]

Plaintiffs-Appellants, Michelle Lyman and Helen Valdez, appeal from the district court's denial of two Fed. R. Civ. P. 60(b) motions. The parties are familiar with the facts and we need not restate them here. Suffice it to say that the district court entered its judgment in the underlying matter on June 14, 2005, dismissing with prejudice certain claims brought by Ms. Lyman and Ms. Valdez, and declining to exercise supplemental jurisdiction over other claims. See MacArthur v. San Juan County, 416 F. Supp. 2d 1098 (D. Utah 2005). Plaintiffs appealed to this court. While their appeal was pending, Plaintiffs filed a Rule

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]The Honorable Timothy D. DeGiusti, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

60(b) motion on September 8, 2006 ("September 2006 motion"). Aplt. App. 263-74. While that motion was pending, this court dismissed the appeal holding that the Plaintiffs' arguments were meritless to the point of being frivolous. See MacArthur v. San Juan County, 495 F.3d 1157, 1161-62 (10th Cir. 2007). The district court then denied the September 2006 motion on September 28, 2007. Aplt. App. 286-89. Just ten days later, on October 8, 2007, the Plaintiffs filed a second Rule 60(b) motion ("October 2007 motion").[1] Aplt. App. 291-302. The district court denied the October 2007 motion on November 8, 2007, observing that it was successive and that "[a]t some point, litigation must come to an end, and judgments must become final," and that "this case has indisputably reached that point." Aplt. App. 336.

Plaintiffs filed a single notice of appeal appealing the district court orders denying the motions. Doc. 950. The notice of appeal as to the September 28, 2007 order on the first motion is untimely, as a notice of appeal should have been filed within 30 days. Fed. R. App. P. 4(a)(1)(A). Plaintiffs did not file their notice of appeal until December 1, 2007. Further, Plaintiffs did not file any motions that would toll the time to file an appeal. See Fed. R. App. P. 4(a)(4)(A). Therefore, the notice of appeal is untimely as to the September 28, 2007 order. As we lack jurisdiction, the appeal concerning that order must be dismissed. See

---

[1] Although the motion recites that it is pursuant to Fed. R. Civ. P. 59 and 60, we consider it a Rule 60(b) motion because it was filed more than ten days after the entry of judgment. Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008).

Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007).

Turning to the district court's November 8, 2007 order denying the second motion, Plaintiffs relied upon a variety of grounds, i.e., Fed. R. Civ. P. 60(b)(1), (3), (4), and (6). The district court neither abused its discretion nor committed any error of law in denying the second motion. Plainly, the second motion is based on grounds rejected in our previous opinion and the district court's orders. Plaintiffs claimed that the district court's judgment was obtained through fraud on the court by defendants' counsel, deprived them of due process, was the result of incorrect views concerning qualified immunity, was beyond the district court's authority, and incorrectly dismissed their claims pursuant to Fed. R. Civ. P. 16. Plaintiffs also argued that they should be allowed to replead their complaint pursuant to the new "plausibility" standard of Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1970 (2007).

Once again bypassing the procedural deficiencies of the Plaintiffs' brief on appeal, it is apparent that Plaintiffs are seeking to relitigate matters decided adversely to them in our prior opinion and the district court's orders. For example, the claim that the district court's judgment is void based upon fraud on the court is a non-starter given our previous rejection of that claim. See MacArthur, 495 F.3d at 1161. A Rule 60(b) motion does not allow for another round on theories already rejected. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). The standard concerning a Fed. R. Civ. P. 12(b)(6) motion

concerning plausibility has little relevance–the district court dismissed claims because of factual insufficiency at the pretrial stage. Because we affirm the denial of the second Rule 60(b) motion, we need not consider the Plaintiffs' request that the case be reassigned to a different judge.

Plaintiffs' counsel is reminded that if she persists in filing frivolous appeals concerning this matter, the court has the power to impose sanctions. See Fed. R. App. P. 38; 28 U.S.C. § 1912; Wheeler v. Comm'r, 528 F.3d 773, 782 (10th Cir. 2008) (inherent power).

We DISMISS the appeal from the district court's order entered September 28, 2007, and AFFIRM the district court's order entered November 8, 2007. Plaintiffs' motion to disqualify opposing counsel, strike all responses to the opening brief, and allow defendants to file briefs through unconflicted counsel is DENIED, as are any pending motions.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge