FILED
United States Court of Appeals
Tenth Circuit

October 15, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

HUGH G. CROWLEY,

　　　　Plaintiff-Appellant,

v.

JUSTIN JONES, Director,

　　　　Defendant-Appellee.

No. 08-6078
(D.C. No. 5:07-CV-01393-D)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

In December 2007, Oklahoma state prisoner Hugh G. Crowley brought suit

in federal district court under 42 U.S.C. § 1983, alleging violations of his

constitutional rights in the course of a prison disciplinary proceeding for

possession of contraband. The district court, taking judicial notice that Crowley

had filed a complaint alleging essentially the same claims in 2001 and that this

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

complaint was dismissed with prejudice, found that his claims were barred by res judicata. Accordingly, the court dismissed the complaint on January 24, 2008.

Crowley did not file a notice of appeal within 30 days as required by Federal Rule of Appellate Procedure 4(a)(1)(A). Instead, he filed a series of motions in the district court, including (1) a motion seeking a writ of mandamus directing the Oklahoma State Bureau of Investigation ("OSBI") to release documents related to his disciplinary proceeding, (2) a motion "based upon newly discovered evidence," which the court construed as a motion pursuant to Federal Rule of Civil Procedure 60(b),[1] (3) a motion for discovery seeking the same documents from OSBI, and (4) what appears to be a motion for summary judgment. The court denied the first three motions in an order on March 14 and the last in an order on March 24. On April 4, Crowley filed his notice of appeal.

Because only the March 14 and March 24 orders were issued within the 30 days prior to Crowley filing his notice of appeal, we have jurisdiction only to the extent he appeals from those orders. See Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007); Manco v. Werholtz, 528 F.3d 760, 761-62 (10th Cir. 2008). For substantially the same reasons as the district court, we summarily **AFFIRM** the denial of each of the four motions identified above. We **DENY** Crowley's "Motion to Supplement Petition to Confirm [sic] to Evidence," because this

---

[1] Because this motion was filed more than 10 days after the district court's order dismissing the complaint, it did not toll the time to appeal that order. See Fed. R. App. P. 4(a)(4)(A)(vi).

motion seeks to obtain and introduce evidence relevant only to the merits of his original complaint, which we need not reach. The motion to proceed on appeal without prepayment of fees is **GRANTED.** Appellant is reminded of his continuing obligation to make partial payments until the filing fee is paid in full.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge