FILED
United States Court of Appeals
Tenth Circuit

December 16, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHANE D. BURDEN,

      Petitioner-Appellant,

v.

JOHN W. SUTHERS, Attorney
General of the State of Colorado,

      Respondent-Appellee.

No. 08-1310
(D.C. No. 1:08-CV-00990-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Shane D. Burden requests a certificate of appealability ("COA") to appeal

the district court's denial of his 28 U.S.C. § 2254 application for a writ of habeas

corpus. Liberally construing his notice of appeal, see Hall v. Bellmon, 935 F.2d

1106, 1110 (10th Cir. 1991), he also appeals the district court's order denying his

motions to recuse and to extend time. We deny a COA because Burden's appeal

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

from the denial of his § 2254 application was untimely.  We affirm the order denying his motions to recuse and to extend time for the same reasons given by the court below.

In 1990, Burden was sentenced to two years in prison after pleading guilty in Colorado state court to attempted distribution of marijuana.  He did not move to withdraw his guilty plea, nor did he appeal his conviction or sentence.  In 2005, following subsequent convictions, Burden was sentenced in Colorado state court to 24 years' imprisonment as a habitual offender, and he is currently serving this sentence.[1]

Burden began challenging his 1990 conviction in 2006.  On May 7 of that year, he filed a Colorado Rule of Criminal Procedure 35(c) motion for post-conviction relief.  His motion was denied in Colorado state district court on January 2, 2007, and the Colorado Supreme Court denied review on April 2, 2008.

On May 13, 2008, Burden filed an application for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Colorado.  His application alleges that his 1990 plea was unconstitutional because he suffered from "mental slowness" at the time, and because his attorney coerced

---

[1] The charge upon which Burden was convicted does not appear in the record.  For the purposes of this appeal, we accept Burden's understanding that his 1990 guilty plea contributed to his status as a habitual offender and thus, to the length of his 2005 sentence.

the plea and insufficiently explained its import. On June 17, the district court denied his application because he was no longer serving time for his 1990 conviction ("the June 17 order"). The court also found that Burden's § 2254 application was time-barred with no basis in the record for equitable tolling.

Following this denial, Burden filed motions "to recuse" the district court judge and "for extention [sic] of time to file a petition for rehearing" on July 1. The district court denied both motions in a single order on July 10 ("the July 10 order"). It denied Burden's motion to recuse because his accusation of bias was grounded in prior judicial rulings against him, which almost never demonstrate partiality requiring a judge's recusal. See United States v. Liteky, 510 U.S. 540, 555 (1994). It construed his second motion as a request to extend the time to file a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment, which it denied because courts have no discretion to grant such extensions. See Fed. R. Civ. P. 6(b)(2).

On the same day the district court entered this order, Burden filed his "petition for rehearing" disputing the district court's bases for dismissing his § 2254 petition. On July 21, 2008, before the district court ruled on this filing,, Burden filed a notice of appeal to this court.

On July 23, construing his petition as Federal Rule of Civil Procedure 60(b) motion for relief from the judgment because it came more than ten days after the denial of his § 2254 application, see Van Skiver v. United States, 952 F.2d 1241,

1243 (10th Cir. 1991), the district court denied the motion because Burden failed to show extraordinary circumstances justifying relief ("the July 23 order"). On September 3, the district court denied Burden a COA and leave to proceed in forma pauperis ("IFP") on appeal. On October 20, he moved this court to proceed IFP. Because the district court denied Burden a COA, he may not appeal the district court's denial of his § 2254 application absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(A).

At the time Burden filed his notice of appeal, the only appealable district court order was the July 10 order. The thirty-day period in which he could file a notice of appeal from the June 17 order denying his § 2254 application expired on July 17, 2008, and he did not file his notice until July 21. Fed. R. App. P. 4(a)(1)(A); see Bowles v. Russell, 127 S. Ct. 2360, 2363 (2007) ("[T]he taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" (citation omitted)). Although a Rule 59(e) or 60(b) motion filed within ten days of a district court's order may toll the time for filing a notice of appeal, see Manco v. Werholtz, 528 F.3d 760, 761-62 (10th Cir. 2008), Burden did not file such motions during this time period. Rather, he requested an extension of the time period in which to do so, and requested the recusal of the district judge. We could also entertain an appeal from the denial of his § 2254 application if one of these documents provided sufficient information to be construed as a notice of appeal, id. at 762, but neither motion provides the requisite information.

- 4 -

Therefore, we lack jurisdiction to consider the June 17 order denying Burden's § 2254 application.

With respect to the July 23 order, Burden's notice of appeal was premature because that order was not entered until two days after Burden filed his notice. See 28 U.S.C. § 1291 (only final judgments may be appealed). We will sometimes consider a premature notice of appeal to ripen upon the subsequent entry of a final order, but only if a prior order "has some indicia of finality and is likely to remain unchanged during subsequent court proceedings." Fields v. Okla. State Penitentiary, 511 F.3d 1109, 1111 (10th Cir. 2007). The July 10 order does not meet this standard, as it merely denies recusal and an extension of time to file a motion for reconsideration and does not address the merits of the arguments for reconsideration.[2]

Accordingly, we consider only Burden's challenge to the district court's July 10 order denying his motions to recuse and to extend time. For the same reasons as the district court, we summarily **AFFIRM** this order. We **DENY** Burden's application for a COA as untimely. Finally, we agree with the district

---

[2] Despite the fact that the district court had no argument on the merits before it, the July 10 order postulates that any such argument would be meritless. This does not constitute a final order disposing of the "petition for rehearing" Burden later filed.

court that his appeal was without merit and **DENY** the motion to proceed IFP on appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge