FILED
United States Court of Appeals
Tenth Circuit

January 16, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOSEPH LYONS,

       Plaintiff - Appellant,

v.

ARISTEDES ZAVARAS, Executive
Director, Colorado Department of
Corrections; CORRECTIONS
CORPORATION OF AMERICA,

       Defendants - Appellees.

No. 08-1133
(D.C. No. 07-CV-02569-ZLW)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

Plaintiff Joseph Lyons, a state inmate appearing pro se, appeals from the

district court's order denying his motion to reconsider the district court's prior

order of dismissal. Mr. Lyons is in the custody of the Colorado Department of

Corrections (CDOC) at the North Fork Correctional Facility at Sayre, Oklahoma.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Lyons' primary complaint is that his transfer from a CDOC facility in Colorado to a private prison in Oklahoma violates various Colorado statutes, and that, as a result, the CDOC has effectively released him from custody and the private prison is now detaining him illegally.

Mr. Lyons initiated these proceedings by filing pro se a complaint pursuant to 42 U.S.C. § 1983 on December 11, 2007. 1 R. Doc. 3. He then amended his complaint on January 4, 2008. 1 R. Doc. 5. In its order of dismissal, the district court construed the complaint liberally and concluded that the relief Mr. Lyons sought was release from custody; accordingly, it treated the complaint as asserting habeas claims under § 2254. Lyons v. Zavaras, No. 07-cv-02569, 2008 WL 357030, at *1 (D. Colo. Feb. 8, 2008). Without requiring exhaustion of the federal constitutional claims, the court then dismissed the complaint because Mr. Lyons' state law claims were not cognizable in a federal habeas action and his constitutional claims lacked any arguable merit. Id. (relying upon 28 U.S.C. § 2254(b)(2)). Then, on March 13, 2008, Mr. Lyons filed a "Motion to Proceed With the Plaintiff's Original 42 U.S.C. § 1983 Filing, and Objection to Order." 1 R. Doc. 14. The district court treated this as a motion to reconsider pursuant to Fed. R. Civ. P. 60(b) because it was filed more than ten days after the order of dismissal. Lyons v. Zavaras, No. 07-cv-02569, 2008 WL 852657, at *1 (D. Colo. Mar. 28, 2008). The district court then denied the motion because Mr. Lyons could not pursue release from custody in a § 1983 action. Furthermore, the court

noted that Mr. Lyons' state law claims could not be asserted in a § 1983 action and his constitutional claims lacked merit. Id. On appeal, Mr. Lyons argues that the district court erred in re-characterizing his § 1983 claims as arising under habeas, and that he is entitled to relief under Colorado, Oklahoma, and federal law.

The district court properly treated Mr. Lyons' March 13 motion as falling under Fed. R. Civ. P. 60(b) because motions for reconsideration that are served more than ten days after the final judgment are construed to be motions pursuant to Fed. R. Civ. P. 60(b) rather than Fed. R. Civ. P. 59(e). See Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008). Relief under Fed. R. Civ. P. 60(b) "is extraordinary and may only be granted in exceptional circumstances." Davis v. Kan. Dep't of Corrs., 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting Amoco Oil Co. v. U.S. Env't Prot. Agency, 231 F.3d 694, 697 (10th Cir. 2000)) (internal quotation marks omitted). Where the motion to reconsider was filed more than ten days after the entry of final judgment and the notice of appeal was filed more than thirty days after entry of final judgment, this court can "review only the district court's order of denial and not the underlying judgment itself." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); see Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996). Therefore, we review only the denial of Rule 60(b) relief, and will reverse only if the district court abused its discretion. See Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008).

The district court did not abuse its discretion in denying Mr. Lyons' motion for reconsideration. While Mr. Lyons seeks to bring this action on behalf of all prisoners who were transferred to the private prison, a pro se litigant may not represent other pro se litigants in federal court. See 28 U.S.C. § 1654; Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000). Moreover, this case is governed squarely by Montez v. McKinna, 208 F.3d 862, 864-65 (10th Cir. 2000), and Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000). In Montez, we construed a similar claim as one challenging the execution of a state sentence and arising under 28 U.S.C. § 2241. Montez, 208 F.3d at 865-66. We determined that no federal constitutional right was implicated by such a transfer and that state-law claims could not be brought in a habeas action under § 2241.[1] Id. In Rael, we reaffirmed that challenges based upon various contractual and state law provisions are state law claims not cognizable in a § 2241 action challenging a prison transfer. Rael, 223 F.3d at 1154. In both cases, we required an inmate to obtain a certificate of appealability (COA) to proceed on appeal. Rael, 223 F.3d at 1155; Montez, 208 F.3d at 868-69.

We acknowledge that Mr. Lyons' main contention is that he is not actually seeking release from custody; rather, he argues, he has already been released by the CDOC because he was transferred to a private prison which, he alleges, does

---

[1] Other circuits have relied upon § 2254. See White v. Lambert, 370 F.3d 1002, 1008-09 (9th Cir. 2004).

not have a legal contract with the CDOC to house inmates and is therefore simply detaining him illegally. Given our precedent, however, such a challenge is properly construed to arise under § 2241. See Montez, 208 F.3d at 865 (noting that the inmate challenged the continuing validity of the state sentence given the transfers).

Accordingly, we construe Mr. Lyon's notice of appeal as a request for COA. Fed. R. App. P. 22(b)(2); 10th Cir. 22.1(A). See 28 U.S.C. § 2253(c)(1)(A). However, there are no grounds on which to issue a COA because we conclude that Mr. Lyons has failed to make "a substantial showing of the denial of a constitutional right," and the district court's result is not reasonably debatable based upon our precedent. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We DENY the request for a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
