FILED
United States Court of Appeals
Tenth Circuit

April 22, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOE FLOYD FULLER, SR.,

        Petitioner-Appellant,

v.

STATE OF KANSAS; JOHNSON
COUNTY DISTRICT ATTORNEY'S
OFFICE; JOHNSON COUNTY
DISTRICT COURT,

        Respondents-Appellees.

No. 08-3296
(D.C. No. 5:08-CV-03204-SAC)
(D. Kan.)

---

JOE FLOYD FULLER, SR.;
EUGENE KELTNER,

        Petitioners-Appellants,

    and

JOHN WILSON,

        Petitioner,

v.

FRANK DENNING,

        Respondent-Appellee.

No. 08-3305
(D.C. No. 5:08-CV-03172-RDR)
(D. Kan.)

---

JOE FLOYD FULLER, SR.,

        Petitioner-Appellant,

v.

STATE OF KANSAS; JOHN
ANDERSON, III, Judge; S. TATUM,
Judge; P. RUDDICK, Judge,

     Respondents-Appellees.

No. 08-3322
(D.C. No. 5:08-CV-03155-SAC)
(D. Kan.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.[**]


     This case involves three pro se appeals that we consolidate for procedural purposes only. In each appeal, Joe Floyd Fuller, Sr., a pretrial detainee in El Dorado Correctional Facility in Kansas, seeks a certificate of appealability (COA) to challenge the district court's dismissal of a 28 U.S.C. § 2241 habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867, 869 (10th Cir. 2000). Because "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling[s]," in any of the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

-2-

three appeals, we deny Mr. Fuller's requests for a COA and dismiss all three appeals. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## BACKGROUND

In the § 2241 petition underlying appeal number 08-3296, Mr. Fuller claims his pretrial detention on pending Kansas state criminal charges violates the Speedy Trial Act and the Sixth Amendment right to speedy trial. Specifically, in his August 2008 petition, he asserts that he has been awaiting trial since his December 24, 2007, arrest. The district court dismissed the petition without prejudice based on the doctrine enunciated in *Younger v. Harris*, 401 U.S. 37, 54 (1971). The court also concluded that Mr. Fuller had failed to exhaust his state remedies. He now seeks a COA from this court, contending that he is still awaiting trial, that the federal district court is "protecting Johnson County Kansas," and that he has tried to exhaust his state remedies. Appeal No. 08-3296, Application for COA at 3.

In the § 2241 petition underlying appeal number 08-3305, Mr. Fuller, on behalf of himself and two other pretrial detainees ("petitioners"), challenges the conditions of petitioners' pretrial confinement, alleging that they have not violated any rules but are housed in administrative segregation and/or solitary confinement, and that they are denied access to television, media, games, and communication. He submits that these conditions constitute cruel and unusual punishment under the Eighth Amendment and violate petitioners' Fourteenth

Amendment due process rights. The district court dismissed the petition without prejudice, concluding that petitioners' allegations should be raised pursuant to 42 U.S.C. § 1983 by each individual in separate actions. Mr. Fuller now seeks a COA from this court (apparently on behalf of himself and the two other pretrial detainees identified in his § 2241 petition). In his application for a COA he maintains that petitioners' Eighth and Fourteenth Amendment rights are being violated, takes issue with the district court's determination that petitioners' claims sound in civil rights not in habeas, and asserts that the federal district court is "protecting Johnson county Kansas's Judicial System as well as the Sheriff's Department." Appeal No. 08-3305, Application for COA at 3.

In the § 2241 petition underlying appeal number 08-3322, Mr. Fuller claims his pretrial detention on pending Kansas state criminal charges violates the Fourth and Fourteenth Amendments. Specifically, in his June 2008 petition, he asserts that he has been in state custody since December 24, 2007, but has not been afforded a "probable cause or preliminary hearing." Appeal No. 08-3322, R., Doc. 1 at 3. His pretrial detention, he further explains, "has imperiled [his] Social Security Benefits, Physical Rehabilitation, other source[s] of income, and impaired family relationships." *Id.* The district court dismissed the petition without prejudice, concluding that Mr. Fuller's pursuit of federal habeas relief was premature because he had neither exhausted his state remedies nor demonstrated that state remedies were unavailable or ineffective to address his

claims. Mr. Fuller then filed a Fed. R. Civ. P. 60(b) motion for reconsideration, contending that he tried to exhaust available state court remedies, which the district court denied. Mr. Fuller now seeks a COA from this court, asserting that his First Amendment rights have been violated, that his Fourth Amendment rights are being violated, that "[t]he [federal] district [court] should have intervened once [the Rule] (60)(b) was filed," and that "the District Court of Kansas has some kind [of] tie with Johnson County Kansas" and "protect[s] them [sic]." Appeal No. 08-3322, Application for COA at 3.[1]

## DISCUSSION

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court resolves a habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[1]    Mr. Fuller's allegation that his First Amendment rights have been violated is raised for the first time on appeal. Although we have "discretion to consider arguments raised for the first time on appeal, we decline to do so in this case." *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1051 (10th Cir. 2008) (citation omitted). Likewise, we will not consider the district court's denial of Mr. Fuller's Rule 60(b) motion because, even though he mentions it in his application for a COA and appellate brief, he "does not address the issue, so we consider it waived." *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1558 n.1 (10th Cir. 1992), *modified on other grounds on reh'g*, 995 F.2d 992 (10th Cir. 1993); *see also Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are . . . inadequately presented[] in an appellant's opening brief.").

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. We review de novo a district court's decision to abstain pursuant to *Younger*. *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1232 (10th Cir. 2001). Based on our independent review of Mr. Fuller's COA applications and appellate briefs, the district court's orders, and the records on appeal, and affording solicitous construction to Mr. Fuller's pro se filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we conclude that he has not demonstrated "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[s]." *Slack*, 529 U.S. at 484.

Specifically, with respect to the § 2241 petition underlying appeal number 08-3296, reasonable jurists could not debate the federal district court's determination that *Younger* mandates abstention. *See Younger*, 401 U.S. at 45, 46 (explaining that federal courts should ordinarily refrain from interfering in ongoing state criminal proceedings, absent "irreparable injury" that "is both great and immediate").

Likewise, with respect to the § 2241 petition underlying appeal number 08-3305, reasonable jurists could not debate the federal district court's determination that petitioners' allegations should be raised pursuant to 42 U.S.C. § 1983 by each individual in separate actions. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (explaining that the Supreme Court "has

distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983," leading us to recognize that "federal claims challenging . . . conditions of . . . confinement generally do not arise under § 2241"); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (observing that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others").

Finally, with respect to the § 2241 petition underlying appeal number 08-3322, reasonable jurists could not debate the federal district court's determination that Mr. Fuller's petition should be dismissed for failure to satisfy the exhaustion requirement. *See Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."); *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("No statutory exhaustion requirement applies to § 2241, but case law holds . . . [that] federal courts should abstain from the exercise of . . . jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." (quotation omitted)).

## CONCLUSION

Mr. Fuller's requests for certificates of appealability are DENIED and appeal numbers 08-3296, 08-3305, and 08-3322, are DISMISSED. His motion for

leave to proceed on appeal without prepayment of costs or fees, in appeal number 08-3322, is GRANTED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge