FILED
United States Court of Appeals
Tenth Circuit

**June 17, 2009**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROGER SCOTT BLACKBURN,

       Petitioner - Appellant,

v.

COLORADO DEPT. OF CORR.
EXECUTIVE DIRECTOR,

       Respondent - Appellee.

_____

ROGER SCOTT BLACKBURN,

       Petitioner - Appellant,

v.

KEVIN MILYARD, Warden,

       Respondent - Appellee.

No. 09-1173
(D.C. No. 08-CV-02559-ZLW)
(D. Colo.)

No. 09-1197
(D.C. No. 08-CV-02692-ZLW)
(D. Colo.)

---

**ORDER**

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

In these appeals, Petitioner-Appellant Roger Scott Blackburn seeks

certificates of appealability ("COA"), see 28 U.S.C. § 2253(c), that would enable

him to appeal two separate decisions of the district court, entered in two different proceedings, denying Blackburn habeas relief under 28 U.S.C. § 2241.[1]  For the following reasons, we deny both of Blackburn's requests for COA.

## I.  PROCEDURAL POSTURE OF THESE APPEALS

In each of these cases, the district court entered an order dismissing without prejudice Blackburn's petitions seeking § 2241 relief.  In response to those decisions, Blackburn did not immediately file notices of appeal, but instead filed with the district court motions seeking reconsideration.  See Fed. R. Civ. P. 60(b).  Even applying the prison mailbox rule, see Manco v. Werholtz, 528 F.3d 760, 762 (10th Cir.), cert denied, 129 S. Ct. 510 (2008), however, Blackburn filed each of these two motions for reconsideration more than ten days after the district court entered its decisions denying him § 2241 relief.  Thus, these reconsideration motions did not toll the time Blackburn had to appeal from the district court's orders initially denying him § 2241 relief.  See Fed. R. App. P. 4(a)(4)(A)(vi); see also Watkins v. Leyba, 543 F.3d 624, 626 n.3 (10th Cir. 2008); Manco, 528 F.3d at 761-62.  And the thirty-day time period that Blackburn had to file an appeal expired before he did file any notice of appeal.  See Fed. R. App. P. 4(a)(1)(A); see also Manco, 528 F.3d at 761-62.  Therefore, we lack jurisdiction to consider

---

[1]We grant Blackburn's motions to proceed in forma pauperis in each of these appeals.  See 28 U.S.C. § 1915; see also Yang v. Archuleta, 525 F.3d 925, 927 (10th Cir. 2008).

any appeal challenging the district court's decisions denying Blackburn § 2241 relief. See Manco, 528 F.3d at 761-62.

Blackburn did, however, file timely notices of appeal from each of the two district court orders denying his motions for reconsideration. See Fed. R. App. P. 4(a). We, therefore, have jurisdiction to review those decisions.

## II. CERTIFICATE OF APPEALABILITY

Appeal No. 09-1173 stems from Blackburn's § 2241 petition seeking credit against his sentence for time spent in pretrial confinement. The district court dismissed this § 2241 petition without prejudice because Blackburn had not yet exhausted his state-court remedies.

Appeal No. 09-1197 stems from Blackburn's § 2241 petition challenging the revocation of his parole. The district court also dismissed that petition without prejudice, concluding that Blackburn had "fail[ed] to provide a clear statement of his claims in this action."

At issue in these appeals, then, is whether the district court abused its discretion in refusing to reconsider its orders dismissing each of Blackburn's § 2241 petitions without prejudice. See Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008), cert. denied, 129 S. Ct. 952 (2009). To be entitled to review of the denial of reconsideration in a § 2241 proceeding, however, Blackburn must first obtain a COA. See Dulworth v. Jones, 496 F.3d 1133, 1135-36 (10th Cir. 2007) (requiring COA to appeal from order of costs entered in

3

§ 2241 proceeding); <u>see also</u> <u>Fuller v. Kansas</u>, Nos. 08-3296, 08-3305, 08-3322, 2009 WL 1067823, at *1 n.1 (10th Cir. Apr. 22, 2009) (unpublished); <u>Blackburn v. Williams</u>, 22 Fed. App'x 975, 975-76 (10th Cir. Nov. 23, 2001) (unpublished). He can do so only by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires Blackburn to establish that "reasonable jurists could debate whether (or, for that matter, agree that) the [motions for reconsideration] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (quotations omitted). Liberally construing his COA requests filed with this court, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), however, Blackburn has failed to make this showing. Therefore, we DENY his requests for COA in both appeal No. 09-1173 and appeal No. 09-1197 and DISMISS each of these appeals.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

4