**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GERARDO MOJICA-FABIAN,

      Defendant-Appellant.

No. 10-3241
(D.C. Nos. 2:10-CV-02016-JWL and
2:06-CR-20062-JWL-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **SEYMOUR**, and **GORSUCH**, Circuit Judges.

     After Gerardo Mojica-Fabian lost a 28 U.S.C. § 2255 motion seeking relief

from his federal drug convictions, he failed to seek leave to appeal the district

court's judgment in a timely fashion. Instead, he filed a Fed. R. Civ. P. 60(b)

motion asking the district court to reconsider its decision. Concluding that Mr.

Mojica-Fabian's Rule 60(b) motion was largely an effort to pursue a second or

successive § 2255 motion without prior authorization from this court, the district

court dismissed that portion of the motion for lack of jurisdiction. Holding that

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the remainder of the Rule 60(b) motion amounted to a "true" Rule 60(b) motion, the district court rejected it on the merits. Mr. Mojica-Fabian now seeks a certificate of appealability ("COA") to challenge the district court's disposition of his Rule 60(b) motion.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (citation omitted). Because Mr. Mojica-Fabian proceeds in this court *pro se*, we review his pleadings with special solicitude.

Even so, we see nothing suggesting any impropriety in the district court's Rule 60(b) ruling. Much of Mr. Mojica-Fabian's Rule 60(b) motion did amount to an improper attempt to present a second or successive petition in the district court without prior authorization by this court. *See* 28 U.S.C. § 2244(b)(3). What remained of Mr. Mojica-Fabian's motion was meritless because, as the district court explained, the motion rested on a mistaken premise — namely, that the district court had relied on the procedural default doctrine when denying his original § 2255 motion. *See United States v. Mojica-Fabian*, Nos. 06-20062, 10-2016, 2010 WL 3258369, at *1 (D. Kan. Aug. 16, 2010). To the extent Mr.

Mojica-Fabian seeks in this court to present untimely arguments for relief not directed at the district court's Rule 60(b) ruling but its underlying judgment, we will not consider them. *See Manco v. Werholtz*, 528 F.3d 760, 762 (10th Cir. 2008). Because Mr. Mojica-Fabian's COA application fails to present a non-frivolous argument for relief, we deny his application to proceed *in forma pauperis*. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge